**Joseph CORRAO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket·No. 97–2512.**

United States Court of Appeals, Second Circuit.

Submitted May 12, 1998.

Decided Aug. 10, 1998.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Cheryl J. Sturm, Westtown, Pennsylvania, for Petitioner–Appellant.

Joann M. Navickas, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney), for Respondent–Appellee.

Before: WINTER, McLAUGHLIN, Circuit Judges, and SHADUR, District Judge.*

McLAUGHLIN, Circuit Judge:

## BACKGROUND

Joseph Corrao was indicted for loansharking and other racketeering crimes in the United States District Court for the Eastern District of New York (Glasser, *J.*). In June 1993, Corrao pleaded guilty to one count of participating in a racketeering enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). In its presentence report ("PSR"), the Probation Office labelled Corrao a "captain" in the Gambino Family who had "willfully attempted to obstruct justice." Accordingly, Probation recommended an upward adjustment of Corrao's sentence.

The PSR also discussed Corrao's medical condition, noting that he suffered from severe diabetes, with complications. In fact, Corrao's condition had already necessitated two kidney transplants. The PSR concluded that, under U.S.S.G. § 5H1.4, Corrao's "extraordinary physical condition" might be considered as a mitigating factor to warrant a sentence below the applicable guideline range.

His health was a central focus of Corrao's sentencing hearing. While recognizing the severity of Corrao's illness, Judge Glasser found that Corrao had nonetheless committed serious crimes despite that illness. Judge Glasser concluded that ignoring the applicable guideline range, and imposing a sentence of home confinement, would "diminish[ ] the seriousness of the offense [Corrao had] committed." Accordingly, Judge Glasser expressly declined to exercise the discretion afforded him under U.S.S.G. § 5H1.4.

In October 1993, Judge Glasser sentenced Corrao to 70 months incarceration and three years supervised release. Because of Corrao's illness, Judge Glasser directed that Corrao serve his jail term at the federal medical correctional facility in Rochester, Minnesota. Corrao did not appeal his conviction or sentence.

### I. *1995 Petition*

Two years later, in 1995, Corrao, through new counsel David Breitbart, petitioned to vacate and/or modify his sentence (the "1995 petition"). The petition, brought under 28 U.S.C. § 2255, sought to change Corrao's sentence to house arrest.

* The Honorable Milton I. Shadur of the United States District Court for the Northern District of Illinois, sitting by designation.

At a hearing on the 1995 petition, Judge Glasser pressed Breitbart to focus on whether, despite the labelling of the petition, he was challenging the sentence as *imposed* (under § 2255) or as *executed* (under 28 U.S.C. § 2241). Breitbart categorically answered that the petition was grounded on § 2255 because Corrao's sentence was unconstitutionally imposed. Specifically, Breitbart argued that at sentencing, the government's doctors misled the court by stating that Corrao could receive adequate treatment while incarcerated. Breitbart then presented several examples of the allegedly inferior care Corrao had received while incarcerated. Breitbart also claimed that Judge Glasser abused his discretion by declining to reduce Corrao's sentence based on his illness.

Judge Glasser rejected Corrao's claims, stating that he had sentenced Corrao "with a full understanding of his medical condition." Moreover, Judge Glasser held that Corrao failed to show a constitutional violation to sustain his 1995 petition. Corrao did not appeal.

II. *1997 Petition*

In February 1997, through new counsel, Cheryl Sturm, Corrao filed a second petition pursuant to 28 U.S.C. § 2255 (the "1997 petition"). Once again, Corrao sought to reduce, modify or vacate his sentence. This time, Corrao alleged that counsel at his original sentencing was ineffective by failing to object to the obstruction of justice sentencing enhancement and by failing to file an appeal. In June 1997, Judge Glasser dismissed Corrao's 1997 petition, finding it: (1) was time-barred; (2) was a successive petition which required Corrao to obtain leave from this Court, which he failed to seek; and (3) lacked merit. Without seeking a Certificate of Appealability ("COA"), Corrao appealed.

We dismissed the appeal without prejudice, indicating that it could be reinstated after the district court granted or denied a COA. After Judge Glasser denied Corrao's motion for a COA, Corrao moved this Court to reinstate the appeal and for a COA. In February 1998, we granted the motion to reinstate the appeal. This matter is now

before us on Corrao's remaining motion for a COA.

## DISCUSSION

The district court properly determined that the 1997 petition was a "second or successive" petition under 28 U.S.C. § 2255. We find, nevertheless, that the court erred procedurally when it dismissed that petition. Instead of ruling on the 1997 petition, the district court should have transferred it to this Court for certification. *See Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996) (per curiam).

I. *Authorization Required*

■ In order to rein in successive habeas petitions, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to provide that second or successive § 2255 petitions "must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate [C]ourt of [A]ppeals." AEDPA, Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 (1996), 28 U.S.C. § 2255 (Supp.1998); *see Triestman v. United States,* 124 F.3d 361, 366 (2d Cir.1997). Section 2244, in turn, requires federal prisoners seeking to file a second or successive § 2255 petition in the district court to move first in the Court of Appeals for an order that authorizes the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3) (Supp.1998).

■ By its amendment to § 2255, the AEDPA assigns to us "a gatekeeping function" with respect to second or successive petitions filed under § 2255. *See Galtieri v. United States,* 128 F.3d 33, 35 (2d Cir.1997); 28 U.S.C. § 2255. The hope is that this will prevent abuse of the habeas writ. *See Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *Camarano v. Irvin,* 98 F.3d 44, 45 (2d Cir.1996) (per curiam).

We have stated that when a petitioner ignores the 1996 amendment by filing a second or successive § 2255 petition without first obtaining our authorization, "the district court should transfer the petition or motion to this Court in the interest of justice." *Liriano,* 95 F.3d at 123.

Corrao failed to seek authorization from this Court before he filed the 1997 petition in the district court. Judge Glasser determined that Corrao's 1997 petition was indeed a "second" petition under § 2255, and therefore was subject to the AEDPA. At that point, the district court should have transferred the 1997 petition to this Court. *Id.* Instead, the court dismissed the petition as time-barred, as an unauthorized successive petition, and as lacking merit.

■ This is our first opportunity to consider how we should dispose of a case where a district court, rather than transferring a second or successive petition, instead decides the petition on its merits. We now hold that reaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions. As we stated in *Liriano*, it is important that courts in this Circuit follow "a clear and comprehensive procedure" for handling second or successive § 2255 petitions. 95 F.3d at 123. Accordingly, we vacate the district court's dismissal of Corrao's 1997 petition and its subsequent denial of Corrao's COA.

## II. *1997 Petition is a Successive Petition*

Corrao initially argues that his 1997 petition is not subject to the AEDPA's gatekeeping provisions. He claims his 1997 petition was not a "second or successive" § 2255 petition because his first (1995) petition either: (1) was not properly brought under § 2255 because it really sought relief only under § 2241; or (2) was not decided on the merits after a hearing. We disagree.

■ The AEDPA does not define a "second or successive" petition or motion. *Camarano*, 98 F.3d at 45–46. Generally, a § 2255 petition is "second or successive" if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits. *See Liriano*, 95 F.3d at 122. This remains true even if the latter petition purports to raise new claims. *See Triestman*, 124 F.3d at 369.

■ On the other hand, a § 2255 petition is not a "second or successive" application where the prior petition(s), although labelled

as arising under § 2255, sought relief available only under 28 U.S.C. § 2241. *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (noting we will disregard a prisoner's mislabelling of a § 2255 petition and, instead look to the requested relief). A motion under § 2255 must be "directed to the sentence as it was imposed, not to the manner in which it is being executed." *Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir. 1978). In contrast, a motion under § 2241 challenges the execution, not the imposition, of the sentence. *See Chambers*, 106 F.3d at 474.

■ At the hearing on the 1995 petition, Judge Glasser asked Corrao's counsel point blank whether the petition, although nominally filed under § 2255, actually was based on § 2241. In response, Corrao's attorney said it was based on § 2255 because it challenged the sentence as imposed. *See Dioguardi*, 587 F.2d at 573. Fortifying his argument, counsel argued that the government misled the sentencing court by representing that the federal medical facility could manage Corrao's health problems. Corrao also claimed that the court, in imposing sentence, violated his constitutional rights by refusing to sentence him below the suggested guideline range on account of his poor health. Judge Glasser specifically rejected Corrao's claims, concluding that he had sentenced Corrao "with a full understanding of the nature of his condition."

Because Corrao's 1995 challenge to the sentence was grounded on § 2255 and was decided on the merits, his 1997 petition challenging the same sentence is a "second or successive" petition subject to the AEDPA.

## III. *Leave to File Successive Petition Denied*

■ Although Corrao's 1997 petition is successive, we will construe Corrao's pending motion for a COA as a motion for leave to file a successive petition. Concluding that the claims Corrao asserts in his 1997 petition should have been raised in his 1995 petition, we deny this motion.

We will certify a second or successive § 2255 petition for filing in the district court

only if it contains: (1) newly discovered evidence that, when viewed in light of the evidence as a whole, would affect the outcome of the case; or (2) a new rule of constitutional law that was previously unavailable and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255 (Supp.1998).

In his 1997 petition, Corrao has shown neither newly discovered evidence nor a new rule of constitutional law that would affect his case. Instead, Corrao merely asserts that he was denied effective assistance of counsel at sentencing and on direct appeal. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Coffin,* 76 F.3d 494, 498 (2d Cir.), *cert. denied,* 517 U.S. 1147, 116 S.Ct. 1445, 134 L.Ed.2d 565 (1996). Corrao obtained new counsel before filing his 1995 petition. The evidence for the ineffective assistance claim Corrao now asserts in his 1997 petition (the sentencing transcript and PSR) was certainly available at the time of his 1995 petition. Accordingly, we deny the motion for leave to file a successive petition.

## CONCLUSION

The district court's dismissal of Corrao's § 2255 petition and its denial of his motion for leave to file a COA are VACATED. We construe the motion for leave to file a COA as a motion for leave to file a successive petition; and, as so construed, that motion is DENIED.