Brian Robert CLARKE

v.

UNITED STATES of America.

No. Civ.3:98CV2435(AHN).
No. Crim.3:96CR125(AHN).

United States District Court,
D. Connecticut.

April 18, 2000.

Brian Robert Clarke, Beaver, WV, plaintiff pro se.

Kari A. Pederson, Bridgeport, CT, for defendant.

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

NEVAS, District Judge.

The petitioner, Brian Robert Clarke ("Petitioner"), pro se, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel. For the following reasons, Petitioner's motion [doc. # 60] is DENIED.

## BACKGROUND

On March 1, 1996, the Milford and Bridgeport Police Departments, acting pursuant to an arrest warrant for Petitioner on various motor vehicle charges, attempted to arrest Petitioner outside his apartment building. In an attempt to elude the officers, Petitioner fled into his apartment where he was apprehended. During a security sweep of the apartment, one of the officers observed the barrel of a shotgun protruding from under a mattress in Petitioner's bedroom.

On June 18, 1996, a federal grand jury indicted Petitioner for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Following his arrest on June 26, 1996, Petitioner signed a waiver of his Miranda rights and gave a signed statement regarding his possession of the shotgun. After Petitioner's arraignment, the government provided to Petitioner's counsel the results of a trace of the shotgun which showed that the gun had been manufactured in Connecticut, and subsequently shipped to Texas and North Carolina.

On September 20, 1996, Petitioner, through his attorney Assistant Federal Public Defender Michael O. Sheehan, moved to suppress the shotgun and his subsequent statement on the grounds that the gun was seized during an illegal search and that the statement was inadmissible because it was the fruit of the illegal seizure of the gun. United States District Judge David Kenyon, sitting by designation, denied the motion after a hearing.

Before trial, Petitioner requested new counsel. The court appointed Attorney Brian Stapleton. Petitioner subsequently entered into a conditional plea agreement with the government, retaining his right to appeal the District Court's denial of his motion to suppress.

On January 13, 1997, Petitioner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On April 3, 1997, the court sentenced Petitioner to 120 months imprisonment. The Court of Appeals affirmed Petitioner's conviction on December 8, 1997. *See United States v. Clarke*, 133 F.3d 908 (2d Cir.1997).

Petitioner first moved pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on December 7, 1998. As grounds for his motion, Petitioner alleged that he was denied effective assistance of counsel and that the District Court lacked jurisdiction to impose sentence. (*See* Pet.'s Original Mot. p. 5.) Specifically, Petitioner alleged that the gun at issue had not traveled through interstate commerce and that his attorney therefore should not have advised him to plead guilty. (*See id.*) In addition, Petitioner argued that, because the gun had not traveled through interstate commerce, the court lacked jurisdiction. (*See id.*)

In response, the government filed its opposition on February 8, 1999, and briefed the court on the history of the gun at issue. (*See* Government's Resp. p. 6.) The government submitted documentation of two independent firearm traces performed on the gun. Both showed that it

had, in fact, traveled in interstate commerce. (*See id.* Attachs. A and B.) Moreover, the government stated that it provided defendant's counsel with the results of the trace following his arraignment. (*See* Government's Resp. p. 7.)

Petitioner subsequently moved to extend the time to file an amended 2255 motion. The court granted the motion on April 5, 1999, and Petitioner filed an amended 2255 motion. In the amended motion, Petitioner argues that he received ineffective assistance of counsel in that his attorney (1) inadequately advised him of the possible sentence which would result from a guilty plea and (2) failed to negotiate a plea agreement which afforded him the benefit of accepting responsibility under the sentencing guidelines. (*See* Pet.'s Am.Mot. pp. 3–4.) Petitioner now concedes that the gun traveled through interstate commerce and that the alternative grounds he relied on in his original 2255 motion are without merit. (*See* Pet.'s Am.Mot. p. 2.) Petitioner's claim of ineffective assistance of counsel is thus confined to the grounds asserted in his amended motion.

On March 13, 2000, Petitioner moved for an evidentiary hearing and for appointment of counsel [doc. # 62].

### Discussion

As an initial matter, the government contends that Petitioner's amended 2255 motion is a second or successive motion and therefore he must obtain permission from the court of appeals before filing it with the District Court.[1] (*See* Government's Supplemental Resp. pp. 3–4.) The court disagrees.

 A § 2255 motion should be treated as second or successive only if a district court reviewed a previous § 2255 motion on its merits. *See Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 1622, 140 L.Ed.2d 849 (1998). The Su-

preme Court, in *Stewart,* reasoned that restrictions on successive habeas petitions constitute "a modified res judicata rule," and are applicable only after a petitioner has had an adjudication of his claim. *See id.; Corrao v. United States,* 152 F.3d 188, 191 (2d Cir.1998) (holding that a § 2255 motion is second or successive when a prior § 2255 motion has been decided on the merits). Here, there has been no adjudication of Petitioner's § 2255 motion. Thus, the amended petition is not second or successive. *See Corrao,* 152 F.3d at 191.

Furthermore, amendments and supplements to habeas petitions are to be governed by the procedural rules applicable to civil actions. *See* 28 U.S.C. § 2242 (1994). According to the Federal Rules of Civil Procedure, Petitioner may amend his motion by leave of the court, "and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). *See also Masotto v. United States,* 2000 WL 19096 Case No. 97–2894 (2d Cir.2000) (maintaining "that a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice"); *Fetterly v. Paskett,* 997 F.2d 1295 (9th Cir.1993) (explaining that amendments to an initial petition for habeas relief should be liberally permitted in order to ensure a single comprehensive petition rather than successive petitions). Petitioner, prior to an adjudication of his initial § 2255 motion, sought, and this court granted, leave to amend his petition pursuant to Rule 15(a). Therefore, the court will address his amended petition on the merits. *See id.*

### I. INEFFECTIVE ASSISTANCE OF COUNSEL—GUIDELINE SENTENCING RANGE

In support of his claim that he was denied effective assistance of counsel, Peti-

---

1. The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to apply to the appropriate court of appeals for permis-

sion to file a second or successive Section 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Chambers v. United States,* 106 F.3d at 474 (2d Cir.1997).

tioner first argues that Attorney Stapleton failed to investigate the possible sentence that would result from Petitioner's guilty plea and failed to accurately advise him as to his possible sentence. (*See* Pet.'s Am. Mot. p 3.) In response, the Government contends that Petitioner's assertion is contrary to the record and without merit. (*See* Government's Supplemental Resp. p 8.)

█ In order to prevail on a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, a petitioner must prove that the attorney's representation fell below an objective standard of reasonableness and that there is a probability that, but for the attorney's negligence, the jury would have had a reasonable doubt as to his guilt. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to plea arrangements, a defendant who pleaded guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Moreover, an attorney's mistaken prediction as to sentence imposed under the guidelines does not constitute ineffective assistance of counsel when a defendant states that he understands the possible sentence to be imposed and that he was not pleading guilty as a result of any promises or predictions. *See United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir.1989).

The record reveals that, at the time he pleaded guilty, Petitioner was aware of the possible sentence the court would impose.

THE COURT: You understand that the government's position is that you should be sentenced within a range of 100 months to 125 months, but of course the maximum penalty here is 120 months, so under no circumstances could you be sentenced to more than ten years. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Stapleton has argued that he doesn't agree with the calculations done by the prosecutor and he thinks that the sentence should be much lower than that and he will argue that on your behalf at the time of sentencing. Do you understand that?

THE DEFENDANT: Yes, Your honor.

THE COURT: You also understand that it will not be until the time of sentencing when this argument is made by Mr. Stapleton, and Miss Pedersen for the government, and then after that, at that time I will then decide what the proper guideline range is, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: So no one can tell you for certain before the time of sentencing what the range is going to be. Do you understand that?

THE DEFENDANT: Yes sir.

THE COURT: Under certain circumstances, once the range is established, you can be sentenced above the top of the range but in this case not more than 120 months—or under certain circumstance[s] you can be sentenced below the bottom of the range. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

(Plea Allocution Hr'g Tr. at 11–12.) Also, Petitioner stated in open court that no one had made any predictions or promises with respect to the possible sentence the court would impose. (*See id.* at 18.)

█ Petitioner's conclusory allegation that he pleaded guilty as a result of his attorney's incorrect prediction of sentence is subject to summary dismissal because it is unsupported and wholly incredible in light of the record. *See Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("[T]he representations of [a] defendant at [a plea] hearing ... constitute a formidable barrier in any sub-

sequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity"). It follows that because he was made aware of the possible implications of pleading guilty, he cannot show that "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Accordingly, Petitioner's claim, that he was denied effective assistance of counsel because he pleaded guilty as a result of his attorney's erroneous sentence prediction, is without merit. *See id.*

## II. *INEFFECTIVE ASSISTANCE OF COUNSEL—PLEA AGREEMENT*

■ Petitioner next argues that his attorney was ineffective for failing to negotiate a plea in which the government either agreed to a "cap" or to move for a specific downward departure. (*See* Pet.'s Am.Mot. p 4.) This argument is also without merit.

As the Government points out, it did recommend that Petitioner be given a three-level downward adjustment for his acceptance of responsibility. (*See* Plea Allocution Hr'g. Tr. at 16.) The fact that his sentence was not substantially reduced as a result of the government's recommendation was due to a two-level enhancement Petitioner received for obstruction of justice and a four-level enhancement for possession of the firearm connection with another offense. Thus, with a six-level enhancement, the three-level reduction for acceptance of responsibility brought the guideline range to 100 to 120 months.

Moreover, Petitioner's claim is, once again, contrary to the statements he made during the plea allocution, at which time he stated that he was aware that the maximum penalty was 120 months imprisonment. (*See id* at 11.) Further, the Government outlined the contents of the plea agreement during the hearing and stated only that it would recommend a three-level downward departure for acceptance of responsibility. (*See id.* at 16.) Petitioner

also stated that he agreed with the terms of the plea arrangement. (*See id.* at 17.)

■ Petitioner's change of heart with respect to his plea, prompted by the court's imposition of the maximum sentence, is not grounds for invalidating the plea. *See United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992). Accordingly, Petitioner's claim that he was denied effective assistance of counsel for his attorney's failure to procure a "cap" or guarantee that the government would move for a specific downward departure is without merit.

## III. *PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL*

■ Petitioner argues that he needs counsel to assist him in obtaining the statements of witnesses that will substantiate his claim of ineffective assistance of counsel. (*See* Pet.'s Mot. For Evidentiary Hearing With Assistance of Counsel p 4.) However, a § 2255 petitioner does not have a constitutional right to the assistance of counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 556–57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In this instance, the pleadings demonstrate that Petitioner's claims are without merit and therefore it is appropriate to deny Petitioner's motion for the appointment of counsel. *See id.*

Finally, because the pleadings show that Petitioner is not entitled to relief, the court is within its discretion to rule on the motion without granting a hearing. *See* 28 U.S.C. § 2255; *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *United States v. Aiello,* 900 F.2d 528, 534 (2d Cir.1990) (holding that where a petition fails to put forth meritorious allegations that can be established by competent evidence, a district court may decide on the motion without conducting a hearing).

*Conclusion*

For the foregoing reasons, Petitioner's amended motion to vacate, set aside or correct sentence [doc. # 60] is DENIED. Petitioner's motion for an evidentiary hearing with appointment of counsel [doc. # 62] is also DENIED.