Angelo TORRES, Petitioner–Appellant,

v.

Daniel SENKOWSKI, Superintendent, Respondent–Appellee.

Docket No. 02–2159.

United States Court of Appeals, Second Circuit.

Argued: Oct. 31, 2002.

Decided: Jan. 9, 2003.

Randall D. Unger, Kew Gardens, NY, for Appellant.

Ruth E. Ross, Assistant District Attorney, Kings County (Charles J. Hynes, District Attorney, Leonard Joblove, Victor Barall, Assistant District Attorneys, of counsel), Brooklyn, NY, for Appellee.

Before: FEINBERG, CARDAMONE, and SACK, Circuit Judges.

SACK, Circuit Judge.

The appellant, Angelo Torres, appeals from the denial of his second 28 U.S.C. § 2254 application for habeas relief from his state convictions for murder, attempted murder, and weapons possession. Torres's first application for habeas relief, filed in 1984, was denied on the merits. After the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996), Torres filed a second application for habeas relief in the United States District Court for the Eastern District of New York. The district court (Jack B. Weinstein, *Judge*) found that the respondent, the State of New York, had waived AEDPA's requirement that all second or successive applications must be authorized by an order of the appropriate court of appeals. The district court then denied Torres's application for habeas relief on the merits.

This appeal presents the question whether AEDPA's authorization requirement can be waived. On the basis of our decisions in *Corrao v. United States*, 152 F.3d 188 (2d Cir.1998), and *Liriano v.*

*United States*, 95 F.3d 119 (2d Cir.1996) (per curiam), we conclude that the authorization requirement is jurisdictional and therefore cannot be waived.

Because Torres filed a previous habeas application before AEDPA's effective date, and filed the current habeas application after AEDPA's effective date, this appeal appears to present another question: whether applying AEDPA's gatekeeping requirements to the current application would create an impermissible retroactive effect. But we need not and do not reach this question because Torres fails to satisfy either the pre-AEDPA or the post-AEDPA substantive standard for successive habeas applications. We do, however, address a related procedural matter, concluding that all successive petitions must comply with AEDPA's authorization requirement, regardless of whether they are governed by the pre-AEDPA or post-AEDPA substantive standard.

## BACKGROUND

In a judgment rendered August 6, 1981, after a jury trial in New York State Supreme Court, Kings County (Sybil Hart Kooper, *Justice*), Torres was convicted of murder in the second degree, N.Y. Penal Law § 125.25[1], attempted murder in the second degree, *id.* §§ 110.00 & 125.25[1], and criminal possession of a weapon in the second degree, *id.* § 265.03. Torres was sentenced to consecutive terms of imprisonment of twenty-five years to life for the murder conviction and twelve and one-half to twenty-five years for the attempted murder conviction, to run concurrently with a term of imprisonment of seven and one-half years to fifteen years for the weapons possession conviction.

Torres's first direct appeal to the Appellate Division was denied on February 6, 1984. *People v. Torres*, 99 A.D.2d 933, 472

N.Y.S.2d 526 (2d Dep't 1984). Leave to appeal that decision to the New York Court of Appeals was denied on April 25, 1984. *People v. Torres*, 62 N.Y.2d 654, 476 N.Y.S.2d 1050, 464 N.E.2d 1001 (1984) (Jasen, *J.*). On October 11, 1984, Torres filed *pro se* in the United States District Court for the Eastern District of New York his first application for a writ of habeas corpus, which was denied on the merits. *Torres v. Jones*, No. CV–84–4223 (E.D.N.Y. May 22, 1985).

Torres then filed *pro se* a motion for a writ of error *coram nobis*, which the Appellate Division granted on November 22, 1988. Pursuant to that writ, on June 19, 1990, Torres, through counsel, filed a second appeal from the state judgment of conviction, asserting versions of the claims raised in the current proceedings. The Appellate Division again affirmed Torres's conviction in a decision and order dated June 3, 1991. *People v. Torres*, 174 A.D.2d 586, 571 N.Y.S.2d 89 (2d Dep't 1991). After being granted leave to do so, *People v. Torres*, 79 N.Y.2d 865, 588 N.E.2d 772, 580 N.Y.S.2d 737 (1992) (Alexander, *J.*), Torres appealed to the New York State Court of Appeals, which affirmed his conviction on October 20, 1992, *People v. Torres*, 80 N.Y.2d 944, 605 N.E.2d 354, 590 N.Y.S.2d 867 (1992).

In papers dated April 24, 1997, but filed on April 26, 1997, Torres, represented by counsel, again filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York. Torres then sought and received permission to withdraw this application on May 23, 1997. He then filed a motion in State Supreme Court to vacate his conviction under N.Y.Crim. Proc. Law § 440.10, which was denied on September 8, 1998.

On July 11, 2000, Torres, again acting *pro se*, re-filed the second § 2254 habeas petition, dated April 24, 1997, which had been prepared by his lawyer. In the petition, which is the subject of this appeal, Torres raised four claims: (1) that the trial court improperly delegated to a court officer the duty to respond to a jury question; (2) that the trial court erred by submitting to the jury a verdict sheet containing elements of the crimes charged; (3) that the trial court erroneously discharged a sworn juror in the defendant's absence; and (4) that the defendant was denied effective assistance of trial counsel.

After a hearing on February 26, 2002, the district court denied the petition on the merits. *Torres v. Senkowski*, No. 00–CV–3997, 2002 WL 732150 (E.D.N.Y. Mar.8, 2002). The court held that the State had waived AEDPA's requirement that all second or successive § 2254 applications must be authorized by the appropriate court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *Torres*, 2002 WL 732150, at *1. The court also rejected, on tolling grounds, the State's arguments that the petition was not timely. Tr. of Feb. 26, 2002, Hr'g, at 7–8.

Torres, represented by counsel, appeals.

## DISCUSSION

■ AEDPA imposes "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir.1998) (per curiam). AEDPA's gatekeeping provisions require that second and successive § 2254 applications be dismissed unless "the claim relies on a new rule of constitutional law, made retroactive ... by the Supreme Court" or presents facts that "could not have been discovered previously" and tend to show actual innocence. 28 U.S.C. § 2244(b)(2). Torres filed a first habeas application before AEDPA's effective

date, and he filed the instant habeas application after AEDPA's effective date. We have not yet decided whether applying AEDPA's gatekeeping requirements in these circumstances would create an impermissible retroactive effect. *See Roccisano v. Menifee*, 293 F.3d 51, 56 (2d Cir.2002); *Rodriguez v. Mitchell*, 252 F.3d 191, 202 (2d Cir.2001). As in *Roccisano* and *Rodriguez*, however, we are not required to reach that question here. Irrespective of whether we apply the pre-AEDPA or post-AEDPA substantive standard, Torres's application would be treated procedurally as a motion for permission to file a second habeas application, and it would be denied. *See Roccisano*, 293 F.3d at 56–61; *Rodriguez*, 252 F.3d at 202.

## I. Analysis Under the AEDPA Standard

■ Under AEDPA's authorization requirement for second and successive § 2254 applications, the district court should have transferred Torres's application to this Court, rather than deciding it on the merits. *Corrao v. United States*, 152 F.3d 188, 190–91 (2d Cir.1998); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996) (per curiam). As we observed in *Corrao*, "reaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions." 152 F.3d at 191.

This case differs from *Corrao* in two respects, however. First, *Corrao* involved a motion by a federal prisoner under 28 U.S.C. § 2255, whereas Torres is a state prisoner and therefore filed his application under 28 U.S.C. § 2254. For these purposes, however, there is no material difference between § 2254 and § 2255. *Cf. Liriano*, 95 F.3d at 122 (establishing "the procedure to be followed when, as occurred in this case, a second or successive petition for habeas corpus by a state prisoner, or § 2255 motion by a federal prisoner, is filed in a district court in this circuit unaccompanied by the required § 2244(b)(3) motion"). The language of AEDPA indicates that AEDPA's authorization requirement applies equally to successive § 2254 applications and § 2255 motions.[1] For the same reasons a district court is required to transfer a second or successive motion under § 2255 to this Court, *Corrao*, 152 F.3d at 190–91, a district court therefore must also so transfer a second or successive § 2254 application.

■ Second, in contrast to *Corrao*, the district court in this case held that the State had "waived" the authorization requirement of 28 U.S.C. § 2244(b)(3)(A). We disagree. As we indicated in *Corrao* and *Liriano*, waiver is not permitted by AEDPA. AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications. For this reason, we have held that a district court must transfer uncertified successive motions to this Court pursuant to 28 U.S.C. § 1631, the provision authorizing transfer to cure want

---

1. *Compare* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *with id.* § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ....").

The language is slightly different in that successive § 2254 "applications" require a petitioner to "move" for "authorization," whereas successive § 2255 "motions" require a petitioner to seek "certifi[cation]." In other words, § 2254 imposes an "authorization" requirement, whereas § 2255 imposes a "certification" requirement. For present purposes, at least, that is a distinction without a difference.

of jurisdiction. *Liriano*, 95 F.3d at 121–23.

■■■■ This reading of AEDPA finds support in the holdings of other circuits. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition.... [T]he new prior-approval device is self-executing. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual.... A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original); *see also Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir.1997) (per curiam) ("There is no dispute that the 28 U.S.C. § 2254 petition [that petitioner] filed in the district court ... was a successive petition.... The district court had no jurisdiction to decide [his] successive § 2254 petition without authority from the court of appeals."). Irrespective of the State's purported waiver, the district court had no jurisdiction to decide Torres's application on the merits.

■■■■ To cure this procedural error under AEDPA, we would vacate the district court's dismissal on the merits and construe the appeal before us as a motion for authorization to file a second habeas application under § 2254. *See Corrao*, 152 F.3d at 191. Torres bases his application on neither a new constitutional rule made retroactive by the Supreme Court nor new evidence tending to show actual innocence.

We would therefore deny Torres's motion under AEDPA's substantive standard for successive applications. *See* 28 U.S.C. § 2244(b)(2).

## II. Analysis Under the Pre–AEDPA Standard

Torres asserts that we should not analyze his application under AEDPA because his first application was made prior to AEDPA's passage. This is a thorny question that, as noted, we need not and do not address. Under the pre-AEDPA standard, we would also dismiss Torres's petition, but we would do so under the doctrine of "abuse of the writ." *See Roccisano*, 293 F.3d at 58–59.

■■■■ The pre-AEDPA standard required "a petitioner seeking to file a second or successive petition raising a claim that he failed to include in his initial petition '[to] show cause for failing to raise it and prejudice therefrom.'" *Rodriguez*, 252 F.3d at 203 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). To show cause, the petitioner must establish that " 'some objective factor external to the defense impeded counsel's efforts to raise the claim' in the prior petition—factors such as interference by officials or the unavailability of relevant facts." *Id.* (quoting *McCleskey*, 499 U.S. at 493–94, 111 S.Ct. 1454). To show prejudice, "[h]e must establish ... that the errors 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *Femia v. United States*, 47 F.3d 519, 524 (2d Cir.1995)) (emphasis omitted). If a petitioner fails to show cause and prejudice, "the failure may nonetheless be excused if he or she can show that a failure to entertain the claim would result in a 'fundamental miscarriage of justice,' [which] occurs only in those

'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Roccisano,* 293 F.3d at 61 (quoting *McCleskey,* 499 U.S. at 494–95, 111 S.Ct. 1454).

■ Torres has not shown cause for his previous failure to raise the four claims he asserts in this petition. They are based on circumstances fully known to him at the time of his first, pre-AEDPA application for habeas relief. Nor does Torres show that a failure to consider his claims would effect a "fundamental miscarriage of justice." He has thus abused the writ under the pre-AEDPA standard of review. *See id.* at 58–61.

` This case differs from *Roccisano* in one relevant respect. *Roccisano* involved an appeal from a district court's decision to construe a habeas corpus petition under 28 U.S.C. § 2241 as a motion under 28 U.S.C. § 2255. 293 F.3d at 55. In accordance with our holding in *Liriano,* 95 F.3d at 123, the district court transferred the matter to this Court for a determination of whether Roccisano had permission to file a successive § 2255 motion. *Roccisano,* 293 F.3d at 55. The case then reached us as an appeal from the district court's denial of Roccisano's Fed.R.Civ.P. 59(e) motion to vacate its decision to construe his § 2241 petition as a § 2255 motion. *Roccisano,* 293 F.3d at 55–56. We concluded that the district court properly so construed the petition. *Id.* at 57–58. After considering Roccisano's successive § 2255 motion under both the AEDPA standard and the pre-AEDPA standard, and determining that the motion would be denied under both, we affirmed the district court's decision and denied authorization to file. *Id.* at 58–61.

In this appeal, by contrast, the district court held that the State had waived AEDPA's authorization requirement. *See Tor-*

*res,* 2002 WL 732150, at *1. For this reason, the district court declined to construe Torres's application as a motion for authorization under § 2244(b)(3)(A) and to transfer the motion to this Court. This appeal therefore presents the question whether AEDPA's authorization requirement applies to applications that may be governed by the pre-AEDPA abuse-of-the-writ standard. Prior to the enactment of AEDPA, the heightened standard for second petitions was an affirmative defense that the State bore the burden of pleading. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Nuñez,* 96 F.3d at 991. AEDPA, however, provides a different regime: Under AEDPA, as we have noted, *supra* at [151–52], the authorization requirement is jurisdictional and cannot be waived. *Corrao,* 152 F.3d at 190–91; *Liriano,* 95 F.3d at 122–23. Although the substantive outcomes of the two different analyses we conduct in this opinion are the same, then, the procedural postures could differ.

■ To reach a coherent result in this case and to prevent confusion for district courts in future cases, we conclude that AEDPA's authorization requirement applies to all second and successive habeas petitions, even those that may be governed by the pre-AEDPA abuse-of-the-writ standard. The Seventh Circuit has reached the same conclusion. Discussing its holding in *Burris v. Parke,* 95 F.3d 465 (7th Cir.1996) (en banc), that the pre-AEDPA standard applies to a petitioner whose first habeas petition was filed before the effective date of AEDPA, the Seventh Circuit concluded that

> even when under *Burris* the abuse-of-the-writ standard supplies the substantive criteria, a prisoner who wants to commence a second or successive petition after [AEDPA's effective date] still must obtain this court's permission.

Otherwise a disagreement between this court and the district court about the proper scope of *Burris* could cast a case into limbo, and at a minimum lead to unnecessary delay. So [the appellant] needs our approval to begin his collateral attack, and the district court properly dismissed his petition.

*Nuñez*, 96 F.3d at 991 (citing *Burris*, 95 F.3d 465). Thus, regardless of the applicable substantive standard, AEDPA requires all second and successive habeas applications to be authorized by the appropriate court of appeals.

In sum, were we to apply the substance of the pre-AEDPA abuse-of-the-writ standard, we would vacate the district court's dismissal on the merits. We would construe the application as a motion for authorization to file a second or successive application under the pre-AEDPA abuse-of-the-writ standard. We would then deny the motion.

### III. Equitable Tolling

Because we deny authorization to file a successive application for the reasons stated, we need not and do not decide whether the district court's equitable tolling of AEDPA's limitations period was correct.

### CONCLUSION

For the foregoing reasons, we vacate the district court's denial of Torres's petition on the merits. Having construed the petition as a motion for authorization to file a second petition under AEDPA, or alternatively, as a motion for authorization to file a second petition for habeas relief under the pre-AEDPA abuse-of-the-writ standard, we deny the motion.