Eric WHITE, Petitioner–Appellant,

v.

John NASH, Warden, Respondent–Appellee.

Docket No. 02–2346.

United States Court of Appeals, Second Circuit.

April 8, 2003.

Eric White, Federal Correctional Institution, Ray Brook, NY, for Appellant, pro se.

Barbara D. Cottrell, Senior Litigation Counsel (Glenn T. Suddaby, United States Attorney for the Northern District of New York,) Albany, NY, for Appellee, of counsel.

Present: CARDAMONE, SACK, Circuit Judges, and William H. PAULEY III,* District Judge.

* Of the United States District Court for the Southern District of New York, sitting by designation.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, VACATED and the case is TRANSFERRED to the United States Court of Appeals for the Fourth Circuit for consideration as an application to file a second or successive motion for habeas relief pursuant to 28 U.S.C. § 2255 para. 8.

Petitioner–Appellant Eric White, *pro se*, appeals from a judgment entered in the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*) denying his 28 U.S.C. § 2241 petition for habeas relief. White argues, *inter alia*, that he was actually innocent of the crimes for which he was convicted. In support of that claim, White alleges the existence of "new" evidence that could not previously have been discovered with diligent effort.

In 1992, after a jury trial in the United States District Court for the Eastern District of Virginia, White was convicted of conspiracy to possess and distribute crack-cocaine, distribution of crack-cocaine, and attempted murder of a witness. The Fourth Circuit affirmed White's convictions. *See United States v. White*, 23 F.3d 404 (4th Cir.1994) (table). Thereafter, in the Eastern District of Virginia, White moved to vacate his convictions pursuant to 28 U.S.C. § 2255, and his motion was denied on the merits. White subsequently moved for a certificate of appealability, which the Fourth Circuit denied. *See United States v. White*, 172 F.3d 46 (4th Cir.1999) (table). In 2002, White filed the instant motion for habeas relief, which he styled as a section 2241 petition, in the United States District Court for the Northern District of New York.

The district court (Norman A. Mordue, *Judge* ) recharacterized White's section 2241 petition as a section 2255 motion, reasoning that section 2241 was not the proper vehicle for challenging the validity of a conviction. The court acknowledged that it could have transferred the case to the Fourth Circuit for consideration as an application to file a second or successive section 2255 motion. The court declined to do so, however, because it found that White's actual innocence claim lacked merit.

On appeal, White argues that the district court erroneously recharacterized his section 2241 petition as a section 2255 motion because, under *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997), a claim of actual innocence is properly brought in a section 2241 petition.

■ We review a district court's denial of a habeas petition *de novo*. *Santana–Madera v. United States*, 260 F.3d 133, 138 (2d Cir.2001). We find that the district court was correct to recharacterize White's section 2241 petition as a section 2255 motion because White was challenging the validity of his conviction rather than the execution of his sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir.2001).

■ As the district court observed, the present section 2255 motion is obviously "successive." White is challenging the same conviction that he challenged in a prior section 2255 motion and that prior motion was denied on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998) (holding that a section 2255 motion is second or successive if it raises claims regarding the same conviction or sentence as the prior motion and the prior motion was denied on the merits).

■ As White observes, it is true that when section 2255 is rendered "ineffective or inadequate," a defendant may invoke

section 2241 to challenge the validity of a conviction. *See Triestman*, 124 F.3d at 380. But this exception does not apply to White's petition. White's actual innocence claim purports to rely upon newly discovered evidence that could not previously have been discovered with diligent effort. White therefore might still be able to satisfy the successive gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2255 para. 8. As a result, section 2255 is not an "ineffective or inadequate" remedy for White, and he may not invoke section 2241 to challenge the validity of his conviction. *See Jiminian*, 245 F.3d at 147 (section 2255 is not ineffective or inadequate if the petitioner satisfies one of the successive gatekeeping requirements of AEDPA).

■ Once the district court recharacterized White's section 2241 petition as a second or successive section 2255 motion, that court lacked jurisdiction to dismiss White's petition on the merits. *See Torres v. Senkowski*, 316 F.3d 147, 151–52 (2d Cir.2003) (holding that under AEDPA, a district court has no jurisdiction to decide second or successive habeas petitions on the merits). Under AEDPA, second or successive section 2255 motions may not be filed in the district court until they have been certified "by a panel of the appropriate Court of Appeals." *See* 28 U.S.C. § 2255 ¶ 8. Accordingly, the district court should have transferred White's petition to the Fourth Circuit for consideration as an application to file a second or successive motion for habeas relief under 28 U.S.C. § 2255 ¶ 8. *See Corrao*, 152 F.3d at 190–91 (holding that a district court must transfer uncertified second or successive habeas petitions to the appropriate court of appeals); *accord Liriano v. United States*, 95 F.3d 119, 121–23 (2d Cir.1996) (per curiam).

For the foregoing reasons, the judgment of the district court is hereby VACATED and the case is TRANSFERRED to the United States Court of Appeals for the Fourth Circuit for consideration as an application to file a for habeas relief under 28 U.S.C. § 2255 para. 8.