12-1638 (L), 12-1992-pr (Con)
*Roman v. Fierro*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and twelve.

PRESENT:

    JOSÉ A. CABRANES,
    REENA RAGGI,
    PETER W. HALL
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORLANDO ROMAN,

    *Plaintiff-Appellant*,

    -v.-                                 Nos. 12-1638 (L),
                                        12-1992-pr (Con)

PATRICK FIERRO, A.D.A. Monroe County District Attorney's Office, JOHN J. ARK, J.S.C. Monroe County Supreme Court,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Orlando Roman, *pro se*, Pine City, NY.

**FOR DEFENDANTS-APPELLEES:**      No appearance.

Appeal from March 14, 2012 and May 2, 2012 orders of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*; David G. Larimer, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 14, 2012 and May 2, 2012 orders of the District Court be **AFFIRMED**.

Orlando Roman appeals from a March 14, 2012 order of the District Court construing his complaint as a petition for habeas corpus under 28 U.S.C. § 2254 and a May 2, 2012 order of the District Court denying his motion for reconsideration. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Roman is currently incarcerated at the Southport Correctional Facility, based on two convictions in Monroe County, NY. On March 6, 2012, Roman filed this suit pursuant to "42 U.S.C. sec. 1983; the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Fifth and Fourteenth Amendments of the United States Constitution." Compl. at 2, *Roman v. Fierro*, No. 12-cv-06123-MWP (W.D.N.Y. Mar. 6, 2012). Roman alleged that Patrick Fierro, an Assistant District Attorney in the Monroe District Attorney's Office, and Judge John J. Ark, a Justice of the Monroe County Supreme Court, violated his due process rights when Judge Ark denied a motion to vacate his judgment of conviction on the basis of new evidence. *Id.* at 1.

On March 13, 2012, the District Court (Michael A. Telesca, *Judge*) issued an order notifying Roman that, under *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), his suit could only be maintained as a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and that the court would so construe his complaint unless withdrawn within thirty days. On March 21, 2012, Roman moved for reconsideration of the March 13 order. In the alternative, Roman moved to withdraw his complaint if the District Court determined that his suit still could not proceed except under § 2254. On May 2, 2012, the District Court (David G. Larimer, *Judge*) denied Roman's motion for reconsideration, granted his motion to withdraw his petition, and denied his requests for an injunction and stay pending appeal.

Having reviewed the District Court's determination that Roman's complaint must be construed as a habeas petition *de novo*, *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (questions of law reviewed *de novo*), we conclude that Roman's claim "lies so well 'within the core of habeas corpus' that it may only be brought in a habeas petition." *McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir. 2007) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)). Roman's suit is plainly an attempt to challenge the state court's process under the Constitution and invalidate his conviction. Roman's sole remedy, therefore, is a writ of habeas corpus. *Preiser*, 411 U.S. at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Accordingly, the District Court properly construed Roman's complaint as a petition for a writ of habeas corpus, denied his motion to reconsider, and granted his motion to withdraw his complaint.[1]

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the March 14, 2012 and May 2, 2012 orders of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We note that Roman has previously filed a petition for a writ of habeas corpus. That petition was denied, *Roman v. Napoli*, No. 08-CV-6561 (MAT), 2010 WL 4922627 (W.D.N.Y. Dec. 2, 2010), as was Roman's subsequent application to this Court for a certificate of appealability, *Roman v. Napoli*, No. 10-5261-pr (2d Cir. May 12, 2011) (order denying motion for certification of appealability). Unless Roman seeks leave from this Court to file a successive habeas petition, the District Court has no jurisdiction over this case. *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003). As mentioned above, Roman moved to dismiss his complaint rather than follow that course.

3