24-160-cv
*Forbes v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————————

August Term, 2024

(Submitted: October 17, 2024    Decided: November 21, 2024)

Docket No. 24-160-cv

————————————————

DENNIS FORBES,
*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

————————————————

Before:      JACOBS, MERRIAM, *Circuit Judges*, and CRONAN, *District Judge.*[†]

————————————————

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) denying petitioner-appellant's motion for an extension of time to file a successive 28 U.S.C. § 2255 petition.   The District Court concluded that Forbes had not shown that he was entitled to

---

[†] Judge John P. Cronan of the United States District Court for the Southern District of New York, sitting by designation.

equitable tolling of the limitations period. We hold that, because district courts lack jurisdiction to consider successive section 2255 petitions, they also lack jurisdiction to consider motions to extend the time to file such petitions. We accordingly VACATE the District Court's order. Because Forbes has not made a *prima facie* showing that the requirements of 28 U.S.C. § 2255(h) are satisfied, we DENY his construed motion for leave to file a successive section 2255 petition.

———————————————————

Dennis Forbes, Welch, WV.

Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

———————————————————

PER CURIAM:

Dennis Forbes appeals the District Court's denial of his motion for an extension of time to file a successive 28 U.S.C. § 2255 petition. We hold that because district courts lack jurisdiction to consider successive habeas claims unless this Court has first granted leave to file such claims, district courts also lack jurisdiction to consider whether the time to file a successive application should be extended. We therefore VACATE the District Court's order denying Forbes's extension motion. We further construe Forbes's pending motion for a certificate of appealability ("COA") as a motion for leave to file a successive section 2255 petition (and a motion for an extension of time to file a successive petition) and DENY the motion because Forbes does not satisfy the applicable criteria.

2

## BACKGROUND

In 2002, Forbes was convicted, in separate cases, of conspiracy to distribute controlled substances and of unlawful possession of a firearm by a felon, and this Court affirmed his convictions. In the District Court, Forbes filed section 2255 petitions challenging both convictions; the petitions were denied on the merits. Forbes has also previously filed numerous motions for leave to file successive section 2255 petitions in this Court, asserting various challenges to his narcotics and firearms convictions, all of which have been denied.

In November 2023, Forbes filed two motions in the District Court seeking a 90-day extension of time to file a section 2255 petition, challenging both convictions based on new evidence, and citing 28 U.S.C. § 2255(h)(1). The District Court denied these motions, concluding that Forbes had not shown that he was entitled to equitable tolling of the limitations period because the information he cited was not new evidence, and also declined to issue a COA. Forbes then filed a "Motion to File a Notice of Appeal" which challenged the District Court's denial of a COA and stated that he sought to "appeal and object" to the District Court's denial of his extension motions. *United States v. Forbes*, No. 6:99CR06089(CJS) (W.D.N.Y. Dec. 15, 2023), ECF No. 350. The District Court denied the motion. Forbes appealed and moves for a COA in this Court.

## DISCUSSION

As an initial matter, Forbes appealed from the District Court's denial of his motion seeking reconsideration of its order denying a COA. This Court has held, however, that "an order denying a certificate of appealability is not an appealable final order." *Lasher v. United States*, 970 F.3d 129, 133 (2d Cir. 2020) (per curiam); *see also Petrello v. White*, 533 F.3d 110, 116 (2d Cir. 2008) (concluding that a denial of reconsideration of a non-appealable order was not appealable). We nonetheless have jurisdiction over this appeal because we construe Forbes's "Motion to File a Notice of Appeal" as a timely appeal from the denial of his extension requests. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam); *Haugen v. Nassau Cnty. Dep't of Soc. Servs.*, 171 F.3d 136, 138 (2d Cir. 1999) (per curiam).

We turn now to the merits. An applicant seeking to file a successive habeas petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see id.* § 2255(h). Accordingly, we have held that district courts lack jurisdiction to rule on the merits of successive claims and should transfer successive claims to this Court. *See Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) ("A second or successive collateral attack may no more begin in the district

4

court than a criminal prosecution may commence in the court of appeals." (citation and quotation marks omitted)); *see also Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

Because Forbes had already filed section 2255 petitions regarding his convictions, which the District Court denied on the merits, he needed this Court's permission before he could again challenge his convictions under section 2255. *See Corrao*, 152 F.3d at 191. Forbes did not file a motion here, and instead, asked the District Court for an extension of time to file a successive section 2255 petition. In denying his requests for an extension, the District Court addressed the merits of Forbes's requests, concluding that he had not shown that he was entitled to equitable tolling of the limitations period because the information he cited was not new evidence. We have not previously decided whether a district court may decide a motion for an extension of time to file a successive section 2255 petition. We now hold that it may not.

In an analogous context, the Fifth Circuit held that district courts lack jurisdiction to consider whether to appoint counsel to assist in filing a successive section 2255 petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam). There, the Fifth Circuit reasoned that "[w]hen a statute removes jurisdiction over a particular type of case from the district courts, it must by

necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction." *Id.*

The same reasoning applies here. Successive habeas claims must be authorized by this Court before a district court may rule on them. *See Torres*, 316 F.3d at 152. A district court cannot decide the substantive question of whether the time to file a successive petition should be extended without exercising some measure of jurisdiction over the claim. Because district courts lack jurisdiction to address the merits of successive habeas claims, *see id.* at 151–52, they also lack jurisdiction to decide whether to extend the time to file such claims.

We have previously considered how to "dispose of a case where a district court, rather than transferring a second or successive petition, instead decides the petition on the merits." *Corrao*, 152 F.3d at 191. We have concluded that to "cure this procedural error," this Court should "vacate the district court's dismissal on the merits and construe the appeal [from that order] as a motion for authorization to file a second habeas application." *Torres*, 316 F.3d at 151–52.

We therefore construe Forbes's COA motion as a request for an extension of time to file a successive section 2255 petition and for leave to file such a petition, and deny the motion. *See id.*; *Corrao*, 152 F.3d at 191–92 (vacating a district court's

6

order dismissing a successive petition and construing a COA motion as a motion for leave to file a successive petition).

Forbes has not shown that he is entitled to an extension of time to file a successive petition, or that he meets the successive criteria, because he has not identified any "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h). Forbes does not identify any "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *Id.* § 2255(h)(1). Nor does he explain why any of the information in his motion is "new." And none of his arguments rely on a new rule of constitutional law.

## *CONCLUSION*

For the reasons stated above, we VACATE the order of the District Court denying an extension, construe Forbes's COA motion as a motion for leave to file a successive section 2255 petition and for an extension of time to file a successive petition, and DENY the motion.