Annette PHILLIPS, Plaintiff–Appellant,

v.

Jeffrey A. CORBIN, Walter H. Osmer, and John Gillingham, in their individual capacities, Defendants–Appellees.

No. 756, Docket 97–7711.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1997.

Decided Jan. 5, 1998.

Teddy I. Moore, Flushing, NY, for Plaintiff–Appellant.

Marlene Tuczinski, Assistant Attorney General, Albany, NY, for Defendants–Appellees.

Before: FEINBERG, McLAUGHLIN, CALABRESI, Circuit Judges.

PER CURIAM:

Plaintiff Annette Phillips is a paralegal. Defendants Jeffrey A. Corbin and Walter H. Osmer are Corrections Officers at the Great Meadow Correctional Facility ("GMCF") in New York. Defendant John Gillingham is a Corrections Sergeant at GMCF and he su-

pervised Corbin and Osmer at all times relevant to this lawsuit.

On December 18, 1993, Phillips arrived at GMCF to visit an inmate. Corbin and Osmer searched Phillips and found a letter opener in her bags. Corbin and Osmer told Gillingham what they found, and the three officers arrested Phillips for promoting prison contraband. Phillips protested that she was not trying to carry the letter opener into the prison, and simply had not been given an opportunity to store it in a locker before she was searched.

In January 1995, a New York State grand jury dismissed the criminal charges against Phillips. In May 1995, Phillips brought suit in the United States District Court for the Northern District of New York (McAvoy, *Chief Judge* ), alleging that the prison guards violated her civil rights under color of state law in contravention of 42 U.S.C. § 1983. Specifically, Phillips alleged that the defendants: (1) violated her liberty interest in visiting a prisoner at GMCF; (2) unlawfully seized her property; and (3) arrested and prosecuted her without probable cause.

Over seven days in December 1996 and January 1997, Chief Judge McAvoy conducted a jury trial on Phillips's claims. After all the evidence was presented, defendants moved for judgment as a matter of law under Fed.R.Civ.P. 50(a). Chief Judge McAvoy granted the motion as to Phillips's claim that she was denied her liberty interest in visiting a prisoner in GMCF, and denied the motion in all other respects. The jury returned defense verdicts on Phillips's malicious prosecution, false arrest, and unlawful seizure claims. Judgment was entered on January 16, 1997.

On January 22, 1997, Phillips moved for an extension of time to file a motion for reconsideration under Fed.R.Civ.P. 59(e). She did not specify what aspects of the judgment she would seek to have reconsidered. Chief Judge McAvoy granted her an extension until February 22, 1997. In February, Chief Judge McAvoy granted Phillips another extension until March 26, 1997. On March 25, Phillips moved for reconsideration of the jury verdict. She did not specify what rule her motion was based upon. Chief Judge McA-

voy assumed that Phillips was moving under Fed.R.Civ.P. 60(b), and denied her motion on May 19, 1997. On that same day, Phillips filed a notice of appeal to this Court, which sought review of the denial of her motion for reconsideration.

Despite the fact that her notice of appeal sought only to appeal the denial of her motion for reconsideration, Phillips's brief on appeal challenges: (1) Chief Judge McAvoy's grant of judgment as a matter of law; (2) the jury verdict in favor of the defendants; and (3) the denial of her motion for reconsideration. Because her notice of appeal was timely only as to the denial of her motion for reconsideration, we lack jurisdiction over her other claims.

A notice of appeal is timely only if filed "within 30 days after the date of entry of the judgment or order appealed from." Fed. R.App. P. 4(a)(1). A *timely* motion filed under Fed.R.Civ.P. 50(b), 59(e), or 60(b), tolls the time period to file a notice of appeal. *See* Fed. R.App. P. 4(a)(4)(A),(C), & (E). However, a motion under Rule 50(b) or 59(e) must be filed within ten days of the entry of judgment, and such time period may not be extended by the district court. *See* Fed. R.Civ.P. 6(b). Although a Fed.R.Civ.P. 60(b) motion may be made more than ten days after the entry of judgment, Fed. R.App. P. 4(a) specifies that only Fed.R.Civ.P. 60(b) motions made within ten days of the entry of judgment toll the time period to file a notice of appeal.

■ Phillips filed her notice of appeal on May 19, 1997. The judgment in this case was entered on January 16, 1997. Because Phillips's motion for reconsideration was filed more than ten days after the entry of judgment in this case, the motion did not toll the period for the filing of a notice of appeal. *See Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991). Because the notice of appeal was filed more than thirty days after the entry of judgment in this case, it was untimely as to that judgment, and we lack jurisdiction over Phillips's attempt to appeal that judgment. The notice of appeal was timely as to the order denying Phillips's motion for reconsid-

eration, and jurisdiction exists as to Phillips's appeal of that order.

Phillips failed to specify what rule her initial motion was based upon. Because it was filed more than ten days after the judgment was entered, Chief Judge McAvoy properly construed it as a Rule 60(b) motion. *See Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 8 (2d Cir.1987). We review the denial of a Rule 60(b) motion for an abuse of discretion. *See Branum*, 927 F.2d at 704.

In her Rule 60(b) motion, Phillips claimed that because the state grand jury dismissed the criminal charges against her, lack of probable cause for her arrest was established as a matter of law, and she was therefore entitled to judgment as a matter of law on her § 1983 claims.

Although we have not previously ruled on this issue, we now hold that the grand jury's refusal to indict Phillips does not, as a matter of law, establish that the officers lacked probable cause to arrest her. *See Camarano v. City of New York*, 646 F.Supp. 246, 250 (S.D.N.Y.1986). Thus, the question whether there was probable cause for Phillips's arrest was a disputed issue of material fact, and as such was properly submitted to the jury. It is well established that the factual question whether there was probable cause for an arrest is properly an issue for the jury. *See Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir.1997).

Accordingly, the judgment of the district court is AFFIRMED.