**Mark FORBES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Docket No. 00–3588.**

United States Court of Appeals, Second Circuit.

Submitted July 30, 2001.

Decided Aug. 16, 2001.

---

Bernard V. Kleinman, Purchase, NY, for Petitioner.

I. Bennett Capers, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, Jamie L. Kogan, Assistant United States Attorney, New York, NY, on the brief), for Respondent.

Before: PARKER, SOTOMAYOR and KATZMANN, Circuit Judges.

PER CURIAM:

Petitioner moves this Court for an order authorizing him to file a second or successive motion for collateral relief under 28 U.S.C. § 2255 based on a new rule of constitutional law announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which he claims invalidates his sentence.

## I.  BACKGROUND

Mark Forbes has filed in this Court a motion for leave to file in the District Court a successive motion under 28 U.S.C. § 2255 to challenge his federal court sentences for: (1) conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C § 846; (2) distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B); and (3) attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841.

The conviction stemmed from two drug transactions: (1) a sale of 123.8 grams of crack cocaine to an undercover officer in September 1994; and (2) an attempted purchase of one kilogram of cocaine from a second undercover officer in May 1995. Forbes was sentenced to 210 months' imprisonment to be followed by five years of supervised release, and assessed $150.

Forbes's conviction was affirmed by this Court on direct appeal. *See United States v. Bowen*, 107 F.3d 4 (2d Cir.1997) (unpublished table decision). In March 1998, Forbes filed a motion for relief pursuant to 28 U.S.C. § 2255 which the district court denied by order entered January 26, 1999.[1]

---

1. In that case, Forbes moved in this Court (1) to appeal the district court's order denying his June 7, 1999 motion requesting that the *district court reissue its January 1999 order* denying relief, and (2) for a certificate of appealability to appeal the denial of his § 2255 motion.  On August 22, 2000 this Court granted Forbes's motion to appeal for the limited purpose of vacating the district court's June 21, 1999 order denying Forbes's motion to reissue the January 1999 order and ordering the case remanded to the district court to reconsider that motion as a motion to file an appeal out of time pursuant to Fed. R.App. P. 4.(a)(6).  There has been no further activity on that matter in this Court.

On July 18, 2000, Forbes filed an application for leave to file a second or successive § 2255 motion, arguing that his sentence was unconstitutionally imposed under *Apprendi* and that *Apprendi* announced a "new rule of constitutional law" warranting retroactive application under the principles established by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).[2] In view of the recent decision in *Tyler v. Cain,* —— U.S. ——, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), it is clear that *Apprendi* is not a new rule of constitutional law which has been made retroactive to cases on collateral review by the Supreme Court. Accordingly, *Apprendi* is of no assistance to petitioner, and his motion to file a successive petition must be denied.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes new restrictions on second or successive collateral challenges to criminal convictions. A second or successive habeas corpus petition challenging a state court conviction may not be filed in a district court unless a court of appeals grants an application for leave to file such a challenge. *See* 28 U.S.C. § 2244(b)(3). The last paragraph

of section 2255 makes the leave-to-file requirement of subsection 2244(b)(3) applicable to second or successive motions collaterally attacking federal sentences. *See* 28 U.S.C. § 2255, ¶ 8. Leave to file a second or successive motion under 28 U.S.C. § 2255 may only be authorized where, as relevant here, the motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255, ¶ 8(2).[3]

The question is whether this provision requires that the Supreme Court itself announce that the new rule applies retroactively or only that the Supreme Court provide precedents on the subject of retroactivity that enable lower courts to determine for themselves whether the new rule applies retroactively. *Apprendi* itself said nothing about its retroactivity. Nor has any Supreme Court decision since indicated that it has retroactive effect on cases on collateral review. On June 28, 2001, however, the Supreme Court interpreted the above AEDPA provision and held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court itself holds it to be retroactive. *Tyler v. Cain,* —— U.S. ——, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).[4]

**2.** On August 22, 2000, this Court ordered the disposition of the motion deferred and this panel retained jurisdiction. Counsel was appointed for petitioner and the parties directed to brief: (1) whether *Apprendi* affects the constitutionality of drug sentences imposed under the Sentencing Guidelines; (2) whether *Apprendi* has retroactive application; and (3) whether it invalidates petitioner's sentence. We note that another panel of this Court addressed the first issue and determined that as long as the sentence for a given count is within the prescribed statutory maximum, *Apprendi* does not govern factual findings made for the purpose of applying the Sentencing Guidelines. *See United States v. White,* 240 F.3d 127 (2d Cir.2001). In dealing with the

retroactivity issue we have decided that oral argument is unnecessary.

**3.** An alternative ground for authorization to file, not relevant to the pending application, concerns newly discovered evidence. *See* 28 U.S.C. § 2255 ¶ 8(1).

**4.** We note that Justice O'Connor's concurrence in *Tyler* (necessary to achieve a majority in that case) admits of the possibility that, in limited circumstances, a new rule could be "made retroactive" upon its announcement without the Court's expressly stating as much, so long as the decision states that the new rule possesses attributes that in fact qualify it for retroactivity under *Teague v. Lane,* 489

Inasmuch as no pronouncement has yet been made by the Supreme Court on the retroactivity of *Apprendi*, petitioner is presently unable to meet the pertinent requirement of § 2255.[5] We deny his application for leave to file a second § 2255 motion. The denial is without prejudice to renewal in the event that the Supreme Court hereafter makes a retroactivity determination. In view of this disposition we need not address the third issue on which we requested briefing, *viz.* the potential impact of *Apprendi* on petitioner's sentence.

### III. CONCLUSION

For the reason stated above the motion is denied.

U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). This would occur, for instance, if the decision stated that the new rule "alter[s] our understanding of the bedrock procedural elements essential to the fairness of a proceeding" and that the rule's violation "seriously diminish[es] the likelihood of obtaining an accurate conviction." *Tyler,* — U.S. at —, 121 S.Ct. at 2486. (O'Connor, J., concurring) (alterations in original). Because such stated attributes of the new rule qualify it for retroactive application under *Teague,* the rule has effectively been "made retroactive." No such statements are found in *Apprendi,* however, and therefore Justice O'Connor's analysis does not help petitioner here.

5. This decision is made in the context of a second or successive § 2255 motion for relief and we make no intimation as to the retroactive effect of *Apprendi* on first petitions under either § 2255 or § 2254.