Billy SANTIAGO, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 02–2177.

United States Court of Appeals, Second Circuit.

April 25, 2003.

Julia Pamela Heit, New York, NY, for Appellant.

Peter A. Norling, Assistant United States Attorney (Margaret Friedberg, Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office, Eastern District of New York, Brooklyn, NY, for Appellee, of counsel.

PRESENT: KEARSE, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 25th day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's appeal is DISMISSED for lack of jurisdiction. Petitioner's motion for permission to file a successive habeas corpus petition is DENIED.

Petitioner-appellant Billy Santiago appeals from a judgment of the District Court entered March 11, 2002 denying his 28 U.S.C. § 2255 petition for a writ of habeas corpus, as part of a motion to reconsider the District Court's September 5, 2000 judgment denying that petition. We dismiss the appeal for lack of appellate jurisdiction over two of petitioner's claims, and for lack of subject matter jurisdiction

over the third of his claims. We deny Santiago's motion for permission to file a successive habeas corpus petition.

## I. Facts and Procedural History

On April 13, 1992, Santiago discharged a firearm during the attempted robbery of an armored car on a crowded street in Brooklyn, New York. When one of the security guards protecting the car shot back at Santiago and his co-conspirators, Santiago was hit, collapsed to the ground, and was quickly taken into custody by police. Two innocent bystanders were wounded in the crossfire.

Santiago pleaded guilty in January 1993 to conspiring to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951; attempting to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951; and using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). At that time, § 924(c)(1) provided that:

> Whoever, during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years, ... and if the firearm is a machinegun, ... to imprisonment for thirty years.

18 U.S.C. § 924(c)(1) (1994). With respect to Santiago's plea on the § 924(c)(1) charge, the parties agreed under the terms of the plea agreement that the sentencing judge would determine whether Santiago's weapon was a machine gun and, accordingly, whether his sentence for that crime would be for five or 30 years.

After a hearing on September 30, 1993, at which both parties presented witnesses, Judge Weinstein—presumably operating under a preponderance-of-the-evidence standard, *see United States v. Merritt,* 988 F.2d 1298, 1313 (2d Cir.1993)—determined that "[t]he evidence is overwhelming that at the time that this defendant was using the weapon, it was fully automatic and it was being used in that way." Santiago was thus faced with a 30–year sentence for his firearms offense and 97 to 121 months in prison on the two robbery counts. The Court downwardly departed on the two robbery counts and sentenced Santiago to a four-year prison term for those crimes, sentencing petitioner to a total of 408 months (34 years) in prison.

We affirmed Santiago's conviction in a summary order dated March 30, 1994, rejecting as frivolous his claim that the evidence was insufficient to show that his weapon was a machine gun and summarily disposing of his Eighth Amendment claim. *United States v. Santiago,* No. 93–1663, 1994 WL 126492 (2d Cir. March 30, 1994) (unpublished summary order). We held that his claim that he did not know the weapon was a machine gun was not properly before the Court because it was not raised during the proceedings in the District Court. *Id.*

## II. Habeas Proceedings in the District Court

Santiago filed a *pro se* petition for a writ of habeas corpus on June 23, 1997. Santiago asserted: (1) that he was not carrying a machine gun at the time of the crime, (2) it was not proven that he had "used" and "carried" the same weapon; (3) that he had no knowledge that the firearm was a machine gun; and (4) that he was deprived the effective assistance of counsel. The District Court appointed counsel for the habeas proceeding, and counsel submitted a supplemental brief on April 5, 1999. In a judgment entered September 5, 2000, the District Court rejected each of petitioner's

claims on the merits,[1] and issued a certificate of appealability "on the questions of whether the petitioner knew the gun was a machine gun, and the competence of counsel." Santiago did not appeal the judgment.

On February 6, 2001, Santiago's counsel filed a motion under Fed.R.Civ.P. 60(b), which provides that a party may move to vacate a final judgment of the District Court under certain circumstances, seeking reconsideration of the District Court's September 5, 2000 judgment. In that motion, counsel raised *only* the entirely new claim that the 25-year sentencing enhancement that he received for carrying a machine gun (rather than an ordinary firearm), was an element of the crime that had to be proved to a jury beyond a reasonable doubt. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that factors that increase the maximum penalty permissible by statute must be determined by a jury beyond a reasonable doubt); *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000) (holding that the machine gun enhancement in § 924(c)(1) constitutes an element of a greater offense). After a hearing on July 25, 2001, the District Court granted Santiago's motion for reconsideration under Rule 60(b), but denied petitioner's new claim on the merits in a judgment entered March 11, 2002. As part of its judgment entered March 11, 2002, the Court again granted a certificate of appealability on whether petitioner knew the gun was a machine gun and on the effectiveness of counsel, but it declined to issue a certificate of appealability on the *Apprendi–Castillo* claim.

Petitioner appeals on the basis of the two claims that are the subject of the certificate of appealability, and also on the basis of his *Apprendi–Castillo* claim. Petitioner has moved in this Court for a certificate of appealablity on the *Apprendi–Castillo* claim. Petitioner has also moved for permission to file a successive habeas petition on his *Apprendi–Castillo* claim, in the event that we do not consider his claim to have been properly raised.

## III. Discussion

### A. Appellate Jurisdiction Over Petitioner's First Two Claims

■ We dismiss petitioner's ineffective assistance of counsel and lack-of-knowledge claims because petitioner did not file a timely notice of appeal with respect to those claims, and we thus lack appellate jurisdiction to consider them. *See United States v. Outen,* 286 F.3d 622, 630 (2d Cir.2002) (holding that we have no jurisdiction to consider an appeal that is not timely filed.).

Petitioner's first two claims were raised only in his initial § 2255 habeas petition, which the District Court rejected in a judgment entered on September 5, 2000. Under Fed. R.App. P. 4(a)(1)(B), "[w]hen the United States or its officer or agency is a party," a notice of appeal must be filed

---

1. At a hearing held on September 27, 1998, the government pointed out that Santiago's petition was time-barred because it was filed more than one year after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1220. *See Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998); *Mickens v. United States,* 148 F.3d 145, 146 (2d Cir.1998). However, the District Court deemed a December 2, 1996 informational letter that Santiago had sent to the Court to be a timely petition, and thus considered petitioner's claims on the merits. The Court deemed the petition timely even though Santiago's counsel conceded that the letter "is not a petition," and even though the trial judge conceded that "I believe that on appeal, were I to sit on an appeal, I would reverse on [the timeliness] ground and dismiss for that reason."

"within 60 days after the judgment or order appealed from is entered." *Id.; see Williams v. United States,* 984 F.2d 28, 30 (2d Cir.1993). Petitioner did not file a notice of appeal of the rejection of his initial habeas petition until March 18, 2002, *more than one year* after the court's judgment of September 5, 2000. Petitioner's appeal of the September 5, 2000 judgment was thus not timely under Fed. R.App. P. 4(a)(1)(B).

Federal Rule of Appellate Procedural 4(a)(4)(A)(vi), however, is a special provision for the appeal of judgments that have been subject to a motion for reconsideration under Rule 60(b). That rule states that if a party timely files a Rule 60(b) motion in the District Court, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R.App. P. 4(a)(4)(A); *see United States ex rel. McAllan v. City of New York,* 248 F.3d 48, 51–52 (2d Cir.2001). However, the rule only applies to "relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered." Fed. R.App. P. 4(a)(4)(A)(vi); *see Phillips v. Corbin,* 132 F.3d 867, 868 (2d Cir.1998). In this case, petitioner's Rule 60(b) motion was filed on February 6, 2001, well beyond the 10–day period following the District Court's September 5, 2000 entry of judgment. Thus, petitioner's untimely appeal of the September 5, 2000 judgment on March 18, 2002 was not rescued by Fed. R.App. P. 4(a)(4)(A)(vi).

Accordingly, with respect to the first two claims asserted by petitioner, we do not have appellate jurisdiction to consider the judgment entered by the District Court on September 5, 2000 because no timely notice of appeal was filed, and any appeal of the District Court's reconsidered judgment of March 11, 2002–even if timely–does not bear upon plaintiff's first two claims, because the Rule 60(b) motion for reconsideration concerned only the *Apprendi/Castillo* issue and did not include any reference to the first two claims.

### B. Appellate Jurisdiction Over Petitioner's Apprendi/Castillo Claim

■ Petioner's *Apprendi/Castillo* claim, unlike his first two claims, was raised in his motion for reconsideration. With respect to that claim, his March 18, 2002 notice of appeal was filed less than 60 days after the District Court's March 5, 2002 entry of judgment rejecting his motion for reconsideration, thus making it timely. *See United States v. Clark,* 984 F.2d 31, 34–35 (2d Cir.1993) (holding that a Rule 60(b) motion filed more than 10 days after an initial judgment did not extend the 60–day period in which to appeal the initial judgment, but that a notice of appeal filed within 60 days of the reconsidered judgment was nonetheless timely with respect to an appeal regarding the motion for reconsideration). Accordingly, we have appellate jurisdiction to consider the *Apprendi/Castillo* claim asserted by petitioner in his February 6, 2001 motion for reconsideration, which was the only subject before the District Court.

■ Nonetheless, the Government argues that we lack jurisdiction to consider the claim because the District Court did not issue a certificate of appealability on his *Apprendi/Castillo* claim. *See Smaldone v. Senkowski,* 273 F.3d 133, 139 (2d Cir.2001) (holding that the certificate of appealability requirement under 28 U.S.C. § 2253 is a jurisdictional bar to appellate review of issues outside the certificate of appealability). However, petitioner has made a motion for a certificate of appealability in this court, which would allow us to consider the issue. *See El Rhagi v. Artuz,* 309 F.3d 103, 106 (2d Cir.2002) ("[E]ven where the District Court has declined to

issue a COA, this Court may nonetheless issue a COA if petitioner can make the necessary showing 'that jurists of reason would find it debatable whether the district court was correct ...'."). Because petitioner in this case has raised a non-frivolous *Apprendi/Castillo* claim, the merits of which we believe are subject to debate among jurists of reason, *see Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we grant a certificate of appealability on the question of whether petitioner's sentence violated the principles set forth in *Apprendi* and *Castillo.*

### C. Subject Matter Jurisdiction Over Petitioner's Apprendi/Castillo Claim

■ Having granted a certificate of appealability with respect to petitioner's *Apprendi/Castillo* claim, and having concluded that we have *appellate jurisdiction* to consider that claim only, we nonetheless decline to reach the merits of the claim because we hold that the District Court was without *subject matter jurisdiction* to consider the claim in the first place.

Santiago's *Apprendi/Castillo*claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration. However, in *Gitten v. United States,* 311 F.3d 529 (2d Cir.2002), we distinguished between Rule 60(b) claims that "present[ ] new grounds for a collateral attack," and those that merely seek to challenge the proceedings in the District Court that led

to the denial of a collateral attack. *Id.* at 532. We concluded that while the latter are not to be considered successive habeas petitions, a Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255;[2] *Gitten,* 311 F.3d at 532. Because no such leave was ever obtained, the District Court should have treated petitioner's *Apprendi–Castillo* claim as a successive habeas petition that the District Court had no jurisdiction to consider, and then transferred the claim to this Court pursuant to 28 U.S.C. § 1631, which authorizes such a transfer to cure jurisdictional defects. *See Torres v. Senkowski,* 316 F.3d 147, 152 (2d Cir.2003) (holding that "[f]rom the district court's perspective, [the requirement that permission to file a successive habeas be granted by the court of appeals] is an allocation of subject-matter jurisdiction to the court of appeals," and stating that "[a] second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals" (internal quotation marks and citation omitted)).

Having determined that the District Court had no subject matter jurisdiction to consider petitioner's *Apprendi/Castillo* claim, and that we have no appellate jurisdiction over petitioner's other two claims, we dismiss petitioner's appeal in its entirety.[3]

---

**2.** 28 U.S.C. § 2255 states, in relevant part, as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

**3.** Because we have determined that we do not have jurisdiction to consider any of appellants three claims in his habeas petition, it is unnecessary to consider–and, indeed, we have

*D. Petitioner's Motion to File a Successive Habeas Petition*

██ Although we would ordinarily construe Santiago's problematic appeal as a motion in this Court seeking permission to file a successive habeas corpus petition raising his *Apprendi/Castillo* claim, *see Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998), Santiago has already filed such a motion, to which we now turn. For the reasons set forth below, Santiago's motion for permission to file a successive habeas petition on his *Apprendi–Castillo* claim is denied.

Under 28 U.S.C. § 2255, before a petitioner may file a successive habeas petition, the Court of Appeals must first determine that the petition relies, in relevant part, on:

> a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *see* note 2, *ante*. We decline to make such a determination in this case because it is settled law in this Circuit that the rule announced in *Apprendi* has not been "made retroactive to cases on collateral review by the Supreme Court," and that *Apprendi* thus cannot be the basis for the filing of a successive habeas petition. *See Forbes v. United States*, 262 F.3d 143 (2d Cir.2001). Regardless of whether *Apprendi* should be applied retroactively based on the standards set forth in *Teague v. Lane*, 489 U.S. 288, 305–11, 109 S.Ct. 1060, 103 L.Ed.2d

334 (1989)–as petitioner's counsel argued orally before this Court–it is clear that "[i]nasmuch as no pronouncement has yet been made *by the Supreme Court* on the retroactivity of *Apprendi*, petitioner is presently unable to meet the pertinent requirement of § 2255." *Forbes*, 262 F.3d at 146 (emphasis added). Whatever the arguable or potential merits of petitioner's *Apprendi* claim if the Supreme Court were to apply *Apprendi* retroactively in habeas cases, he may not at this time bring such a claim in a successive habeas petition, and accordingly his motion to file such a petition must be denied. As in *Forbes*, our denial of this petition on this ground "is without prejudice to renewal in the event that the Supreme Court hereafter makes a retroactivity determination." *Forbes*, 262 F.3d at 146.

\* \* \* \* \* \*

We have considered all of the petitioner's arguments. Petitioner's appeal is hereby DISMISSED for lack of jurisdiction. Petitioner's motion for permission to file a successive habeas corpus petition is DENIED.

---

no jurisdiction to consider–whether the claims are also time-barred under AEDPA. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (holding that AEDPA's one-year filing limitation is a statute-of-limitation, rather than a jurisdictional bar).