**Juan ROGERS, Petitioner,**

**v.**

**Christopher ARTUZ, Respondent.**

**No. 00–CV–2718 (JBW).**
**No. 03–MISC–0066 (JBW).**

United States District Court,
E.D. New York.

Nov. 30, 2007.

Harry Conrad Batchelder, Jr., Law Offices of Harry C. Batchelder, Jr., New York, NY, for Petitioner.

Patricia A. Murphy, Riverhead, NY, for Respondent.

## ORDER

JACK B. WEINSTEIN, Senior District Judge.

### I. Introduction

This phase of a long pending series of collateral attacks on a state judgment of conviction is required because of a remand by the Court of Appeals for the Second Circuit directing the district court to grant or deny a certificate of appealability from a Rule 60(b) motion the district court denied and treated as a second habeas petition—a remand characterized by counsel as "puzzling." *See* pp. 14–15, *infra.* It represents a recurrent theme associated with the amendments to federal habeas corpus law by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996)—finding ways to circumvent the statute's limitation on successive petitions. The most popular avenue is a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure attacking a district court judgment denying a petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Rule 60(b) provides that a district court, "[o]n motion and upon such terms as are just, ... may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for one of several enumerated grounds, including fraud, mistake, and newly discovered evidence. Subsections one through five delineate specific grounds for relief; subsection six, the Rule's catch-all (relied upon by Rogers), provides that relief may be granted "for any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

There is no legal basis suggested by Petitioner Juan Rogers, counsel or the court's own research for the Rule 60(b) motion seeking to set aside this court's judgment dismissing petitioner's habeas corpus petition, with a certificate of appealability denied by the district court and court of appeals and the appeal dismissed because Rogers failed to make a "substantial showing of a denial of a constitutional right." *See Rogers v. Artuz,* No. 00–CV–2718, 2003 WL 21817490, 2003 U.S. Dist. LEXIS 13623 (E.D.N.Y. July 7, 2003) (denying Rogers's petition for a writ of habeas corpus), *affirmed on appeal by,* Mandate of the Court of Appeals (2d Cir. July 12, 2004), No. 00–CV–2718 E.D.N.Y. Docket Sheet Entry ("Docket Entry") No. 55.

Nevertheless, the Court of Appeals for the Second Circuit has remanded Rogers's appeal from the district court's denial of the Rule 60(b) motion with what is in effect an order to the district court to grant or deny a "a certificate of appealability." *See Rogers v. Artuz,* No. 00–CV–2718, 2007 WL 2815692, *1, 2007 U.S. Dist. LEXIS 70949, at *1 (E.D.N.Y. Sept. 12, 2007) (denying Rogers's Rule 60(b) motion); Mandate of the Court of Appeals (07–4249) (2d Cir. Oct. 4, 2007), Docket Entry No. 86. Pursuant to the mandate, by order of this court dated October 30,

2007, counsel for petitioner was appointed and an expedited hearing was ordered. *See* Order dated Oct. 30, 2007, Docket Entry No. 87. The hearing was held on November 29, 2007.

■ One of AEDPA's chief purposes was to ensure speed and finality in collateral attacks of convictions. *See Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir.2002) ("A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings."); *Williams v. Taylor,* 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) ("AEDPA's purpose [is] to further the principles of comity, finality, and federalism"); (H.R. Conf. Rep. No. 104–518, 110th Cong., 2d Sess., 1996, *reprinted in* 1996 U.S.C.C.A.N. 944) (AEDPA sought to make "reforms to curb the abuse of the . . . writ of habeas corpus, and to address the acute problem of unnecessary delay"). Instead the statute has resulted in more delay and lack of finality. *See* Muhammad Faridi, *Streamlining Habeas Corpus While Undermining Judicial Review: How 28 U.S.C. § 2254(d)(1) Violates the Constitution,* 19 St. Thomas L.Rev. 361, 374–79 (discussing AEDPA's legislative history and noting that the act "was purposefully drafted in . . . arcane statutory language lacking judicial history, thus leaving federal courts with little guidance"). As the Supreme Court has noted, "[a]ll we can say is that in a world of silk purses and pigs' ears, the Act is not a silk purse of the art of statutory drafting." *Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A recent empirical study of habeas cases found that petitions filed by state prisoners under AEDPA "take longer to complete in district court" than before the statute's passage. *See* Nancy J. King et al., Habeas Litigation in U.S. District Courts (Executive Summary), National Center for State Courts (2007), at 3, available at http://www.ncjrs.gov/pdffiles1/nij/grants/219559.pdf. The report ranks the Eastern District of New York as the sixteenth worse federal district court in the country for taking an average of some five hundred days to reach a final decision on a state habeas petition. *See id.* at 44. The other federal districts in New York state have even longer delays. *Id.*

## II. Prior Procedural History

In May 1995, a Suffolk County jury convicted Rogers of murder in the second degree for the January 1993 killing of Sandra Mathys. *See Rogers v. Artuz,* No. 00–CV–2718, 2007 WL 2815692, *1, 2007 U.S. Dist. LEXIS 70949, at *1 (E.D.N.Y. Sept. 12, 2007) (denying Rogers's Rule 60(b) motion). Rogers was Ms. Mathys's Kung Fu instructor and lover. *Id.* When Ms. Mathys complained of Rogers's refusal to tell his wife about their affair, he terminated the extra-marital relationship by shooting Ms. Mathys twice in the head. *Id.* He was sentenced to twenty-five years to life in prison. *Id.,* 2007 WL 2815692, *1, 2007 U.S. Dist. LEXIS 70949 at *2.

Upon his conviction, Rogers filed a direct appeal to the Appellate Division Second Department, which was denied. *Id.* Leave to appeal to the New York Court of Appeals was also denied. *Id.* Rogers then began challenging his conviction in labyrinthine state collateral proceedings. *Id.,* 2007 WL 2815692, *1, 2007 U.S. Dist. LEXIS 70949 at *3. Denied were Rogers's trial court motions to vacate the judgment, leave to appeal, and an application for a writ of error coram nobis. *Id.*

After exhausting collateral remedies in state court, Rogers filed his original petition for a writ of habeas corpus in the Southern District of New York in March 2000. *See* Transfer Order filed on May 10, 2000, Docket Entry No. 1. That petition was transferred to the Eastern District

and assigned to a judge of this court. *See* Order to Show Cause signed by Judge Joanna Seybert, filed on May 22, 2000, Docket Entry No. 4. It was transferred to the judge now responsible for the case as part of a major consolidation of the district's habeas corpus petitions. *See* Docket Entry dated April 25, 2003.

In his federal habeas petition, Rogers presented a *Brady* claim only—that the prosecution's failure to disclose that Ms. Mathys was a prime suspect in an unrelated double homicide investigation violated his constitutional rights. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Rogers later amended his habeas petition to contend that both his trial and appellate counsel were ineffective in failing to raise the *Brady* claim at trial and on appeal. After a full analysis of his claims, this court dismissed Rogers's petition for lack of substantial merit and denied a certificate of appealability. *See Rogers v. Artuz*, No. 00–CV–2718, 2003 WL 21817490, 2003 U.S. Dist. LEXIS 13623 (E.D.N.Y. July 7, 2003).

In October 2003 Rogers filed an appeal to the United States Court of Appeals for the Second Circuit. *See* Notice of Appeal filed October 6, 2003, Docket Entry No. 49. The Court of Appeals "ordered that the motion for a certificate of appealability is denied and the appeal dismissed because appellant has not made a 'substantial showing of the denial of a constitutional right.'" *See* Mandate of the Court of Appeals (2d Cir. July 12, 2004), Docket Entry No. 55.

In December 2006 Rogers moved in the district court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate this court's judgment denying habeas corpus relief. *See* Rogers's Rule 60(b) Motion dated Dec. 13, 2006, Docket Entry No. 60. He suggested three issues in this motion: (1) the prosecution's peremptory challenges to two African–American venire panelists during the voir dire stage of his trial violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); (2) his *Miranda* rights were violated by police officers when he voluntarily subjected himself to a polygraph test regarding the murder of Ms. Mathys; and (3) to the extent that AEDPA bars the relief he now seeks, it is an unconstitutional restraint on this court's inherent powers under Article III, Section 2 of the United States Constitution. Counsel was appointed on January 23, 2007. *See* Order dated Jan. 23, 2007, Docket Entry No. 61. After a number of adjournments sought by the parties, an evidentiary hearing was held on June 25, 2007. The court ordered further briefing. *See* Docket Entry No. 76.

By Memorandum, Judgment and Order dated September 12, 2007, the district court found that Rogers had attempted to file a second 28 U.S.C. § 2254 habeas corpus petition couched in the language of a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Rogers v. Artuz*, Nos. 00–CV–2718 (JBW), 2007 WL 2815692, **3–4, 2007 U.S. Dist. LEXIS 70949, at * 8 (E.D.N.Y. Sept.12, 2007).

The district court emphasized that the Rule 60(b) motion was a successive petition. The title of its discussion was "Petitioner's Rule 60(b) Motion is a Second Habeas Petition." *Id.*, 2007 WL 2815692, *3, 2007 U.S. Dist. LEXIS 70949 at *7. The reason for this conclusion was then stated at length. *Id.* Finally, in its conclusion, the court reiterated this position:

> Petitioner Rogers has attempted to file a second habeas petition in this court by couching it in the language of a Rule 60(b)(6) motion. Because petitioner fails to satisfy AEDPA's requirements for second or successive habeas petitions, his Rule 60(b)(6) motion is denied. The

clerk of the court is directed to transfer this application to the clerk of the Court of Appeals for the Second Circuit as a petition for permission to bring a second habeas corpus petition.

*Id.,* 2007 WL 2815692, **3–4, 2007 U.S. Dist. LEXIS 70949 at *8.

Because petitioner had failed to satisfy the requirements of successive petitions under 28 U.S.C. § 2244(b), his Rule 60(b) motion was denied by the district court; the Clerk of the District Court was, pursuant to Second Circuit practice, directed to transfer the case to the Clerk of the Court of Appeals for the Second Circuit as, in effect, a petition for permission to bring a second habeas corpus petition. *Id. See Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996) (per curiam) (holding that "when a second or successive petition for habeas corpus relief ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition ... to this Court").

On September 26, 2007 Rogers appealed from the court's September 12 ruling denying his Rule 60(b) motion to the Court of Appeals for the Second Circuit. *See* Notice of Appeal filed Sept. 26, 2007, Docket Entry No. 85. On October 4, 2007 the Court of Appeals of the Second Circuit issued the following mandate:

A notice of appeal having been filed from an order denying relief in an application brought under the provision of section 2254, 28 U.S.C. and it appearing that the file of the proceedings does not contain either a certificate of appealability or a denial thereof, it is ORDERED that said appeal be, and it hereby is DISMISSED without prejudice to the appeal being reinstated upon notice to the Clerk within 30 days from the entry of an order by the district judge granted [sic] or denying a certificate of appeala-

bility. Any motions pending prior to the entry of this order of dismissal are deemed MOOT.

In accordance with Rule 22(b) of the Federal Rules of Appellate Procedure, and Second Circuit Rule 22a, petitioner-appellant are [sic] hereby *directed to promptly move for a certificate of appealability in the district court.*

*See* Mandate of the Court of Appeals (07–4249) (emphasis added), Docket Entry No. 86.

No reason was given by the Court of Appeals for requiring a certificate of appealability or its denial. Counsel for Rogers expressed puzzlement at the need for such a certificate. *See* Transcript of Nov. 29, 2007 Hearing at 5–6. This court was not in a position to enlighten him.

It has now been well over a decade since Rogers murdered his paramour and over seven years since he filed his first federal habeas petition. This Memorandum and Order will be the third written opinion by the federal district court as a result of Rogers's quest to set aside his New York state court conviction. Yet, for reasons not clear to the parties or the court, this third certificate of appealability phase is mandated by the Court of Appeals for the Second Circuit.

### III. Law on Second or Successive Petitions and Rule 60(b) Motions as it Relates to Certificates of Appealability

#### A. Second or Successive Petitions

Although the court's prior decision denying Rogers's Rule 60(b) motion thoroughly discusses the contours of Rule 60(b) motions as they relate to successive habeas petitions, *see Rogers,* 2007 WL 2815692, **2–3, 2007 U.S. Dist. LEXIS 70949, at *4–6, it appears necessary to revisit some

principles as they relate to certificates of appealability.

Under AEDPA, second or successive federal habeas petitions requesting relief from a conviction in state court must satisfy strict requirements before a district court can adjudicate the merits of a petitioner's claim. Section 2244(b) of Title 28, as amended by AEDPA, provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Subsection (3)(1) provides that an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider" a successive habeas petition. 28 U.S.C. § 2244(b)(3)(1). Subsection (4) provides that the "district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4).

■ Rule 9 of the Rules Governing Section 2254 Cases in United States District Courts was amended in 2004 to reflect statutory requirements: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 (Rule 9). Without an authorization from the appropriate court of appeals, a federal district court does not have subject matter jurisdiction over a second or successive habeas petition. *See United States v. Gallegos,* 142 F.3d 1211 (10th Cir.1998) (holding that a "district court lack[s] subject matter jurisdiction to decide" a successive petition). The Court of Appeals for the Second Circuit has elaborated on the jurisdiction of the court of appeals to allow successive petitions filed in district courts:

No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition.... [T]he new prior-approval device is self-executing. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual.... A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Torres v. Senkowski,* 316 F.3d 147, 152 (2d Cir.2003) (quoting *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir.1996)).

AEDPA practice differs from that previously in effect. Although both state and federal appellate procedures had emphasized the need to start applying res judicata principles to habeas corpus, the Supreme Court continued to emphasize the "sound discretion of district courts" in adjudicating successive writs under the "abuse of the writ standard." *See McCleskey v. Zant,* 499 U.S. 467, 484–85, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Even when the deliberate abandonment standard for determining abuse of the writ, as articulated in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), was abolished for a more stringent procedural default rule, federal district courts continued to try to serve the "ends of justice" while vindicating the interests in finality of criminal convictions. *See McCleskey,* 499 U.S. at 495–96, 111 S.Ct. 1454.

The 1996 AEDPA amendments not only eliminated the district courts' jurisdiction to review successive petitions, they also had the effect of placing a heavier burden on scarce judicial resources. As a result of the new limitations on successive petitions, federal district courts now routinely have to decide Rule 60(b) motions which are filed at somewhat the same rate as successive petitions were filed before AEDPA, and the courts of appeals now have to entertain duplicative applications seeking an order to file a successive petition in the district court.

### B. Successive Petitions and Rule 60(b) Motions

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." 28 U.S.C. § 2254 (Rule 11). As noted in the Advisory Committee Notes, although "the applicability of the civil rules to habeas corpus actions has been limited, ... various courts which have considered the problem have had difficulty in setting out the boundaries of this limitation." 28 U.S.C. § 2254 (Rule 11 advisory committee's note).

In *Gonzalez v. Crosby,* the Supreme Court noted that "Rule 60(b) has an unquestionably valid role to play in habeas cases." 545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Prior to *Gonzalez,* some courts had taken the position that a Rule 60(b) motion should automatically be viewed as a "successive petition" and subjected to AEDPA's restrictive standard. *See, e.g., Lopez v. Douglas,* 141 F.3d 974, 975–76 (10th Cir.1998); *United States v. Rich,* 141 F.3d 550, 551 (5th Cir.1998); *but see Rodriguez v. Mitchell,* 252 F.3d 191, 200 n. 2, 198 (2d Cir.2001) (criticizing other circuits' analysis of issue and holding that "a Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)."). In *Gonzalez,* the Court held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez,* 545 U.S. at 538, 125 S.Ct. 2641.

Following *Gonzalez* and this circuit's precedents, this court ruled that Rogers's Rule 60(b) motion had asserted new claims challenging his state conviction and denied the motion because it was in effect a second petition. *See Rogers,* 2007 WL 2815692, **2–3, 2007 U.S. Dist. LEXIS 70949, at *4–7. Since Rogers had couched what was in effect a second habeas petition in the form of a Rule 60(b) motion, pursuant to Second Circuit practice the court

directed the Clerk of the District Court to transfer the case to the Clerk of the Court of Appeals for the Second Circuit as a petition for permission to bring a second habeas corpus petition. *Id. See also Corrao v. United States,* 152 F.3d 188, 190–91 (2d Cir.1998) (holding that a district court must transfer uncertified second or successive habeas petitions to the appropriate court of appeals). There appeared to be no need for a certificate of appealability because the court of appeals under AEDPA has original jurisdiction to decide whether the petitioner can proceed with his second petition.

### C. Certificate of Appealability

Pre–AEDPA law required inmates to seek a Certificate of Probable Cause from the district court in order to appeal to the court of appeals. *See Nowakowski v. Maroney,* 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967); *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) ("When a certificate of probable cause is issued by the district court, . . . petitioner must then be afforded an opportunity to address the merits, and the court of appeals is obligated to decide the merits of the appeal."). AEDPA amended section 2253(c)(1) of Title 28 of the United State Code, which now provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding. . . ." 28 U.S.C. § 2253(c)(1).

The courts of appeals have decided that district courts do have the statutory authority to issue a certificate of appealability from a denial of a petition for a writ of habeas corpus even when such authority appears to be solely vested in the "circuit justice or judge" by the statute. *See, e.g., Grant–Chase v. Commissioner, New Hampshire Dep't of Corrections,* 145 F.3d 431, 435 (1st Cir.1998); *Lozada v. United States,* 107 F.3d 1011, 1016 (2d Cir.1997); *United States v. Eyer,* 113 F.3d 470, 472–73 (3d Cir.1997); *Else v. Johnson,* 104 F.3d 82, 83 (5th Cir.1997); *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1068–73 (6th Cir.1997); *Williams v. United States,* 150 F.3d 639, 640 (7th Cir.1998); *Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir.1997); *United States v. Asrar,* 108 F.3d 217, 218 (9th Cir.1997); *Houchin v. Zavaras,* 107 F.3d 1465, 1468–69 (10th Cir. 1997); *United States v. Mitchell,* 216 F.3d 1126, 1129 (D.C.Cir.2000). Some courts of appeals (but not the Second Circuit's) assert the authority to vacate the district court's order granting a certificate of appealability in order to avoid discussing the merits on appeal. *See, e.g., Khaimov v. Crist,* 297 F.3d 783, 786 (8th Cir.2002) (noting that the court of appeals could " 'unring' this bell and revoke [an improvidently granted] certificate of appealability"); *Phelps v. Alameda,* 366 F.3d 722, 728 (9th Cir.2004) ("the power to grant or expand a COA strongly implies . . . the commensurate power to vacate or to contract it"); *United States v. Cepero,* 224 F.3d 256, 262 (3d Cir.2000) (holding that a COA is "not merely an exercise of judicial gatekeeping, but rather, in the language of the [Supreme] Court, . . . the judicial determination of a case or controversy, reviewable on appeal to the Court of Appeals.") (internal quotation marks omitted). *But see Lucidore v. N.Y. Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000) ("Where a district court has . . . issued a certificate of appealability, . . . we have held that the COA is presumptively valid and may not be challenged as improvidently granted.").

Although a certificate of appealability is required by the statute only when a petitioner appeals from a judgment denying a writ of habeas corpus, the Court of Appeals for the Second Circuit has held that

"the COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition." *Kellogg v. Strack,* 269 F.3d 100, 103 (2d Cir. 2001) (per curiam). It has, in addition, painstakingly instructed district courts on the complex considerations required in considering Rule 60(b) applications. *See Gitten v. United States,* 311 F.3d 529, 532–34 (2d Cir.2002). In the instant case there is an explicit mandate from the Court of Appeals for the Second Circuit to issue or deny a certificate of appealability even though the district court characterized the Rule 60(b) motion as a second petition.

■ In order to obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the context of a denial of a Rule 60(b) motion, the petitioner must make "a substantial showing that the district court abused its discretion." *Kellogg,* 269 F.3d at 104. The Court of Appeals for the Second Circuit has specified its Rule 60(b) practice: in the circumstances of a Rule 60(b) motion, a certificate of appealability "should issue only if petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." *Id.*

The Court of Appeal's decision in *Kellogg* requiring the district court to issue or deny a certificate of appealability would appear to be applicable only when a Rule 60(b) motion does not attack the integrity of the state criminal proceedings and instead challenges the district court's ruling in the previous federal habeas corpus proceeding. As already noted, the district court does not have subject matter jurisdiction over what is in effect a second or successive habeas petition challenging the state conviction without an authorization from the Court of Appeals: a district court would have no power to issue or deny a certificate of appealability if it properly finds that the petitioner has really filed a second or successive petition, disguising his papers by using the language of a Rule 60(b) motion. *See Santiago v. United States,* 64 Fed.Appx. 281, 286 (2d Cir.2003) ("[A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals.").

## IV. Application of Law to Facts

The assumption of the district court in denying Rogers's Rule 60(b) motion was that the Court of Appeals for the Second Circuit would consider his motion as in effect a successive petition which does not meet the requirements of 28 U.S.C. § 2244(b)(2). At the November 29, 2007 hearing, petitioner's counsel was understandably puzzled as to why this case was remanded by the Court of Appeals when the district court treated Rogers's Rule 60(b) motion as an attempt to file a successive petition and sent to the Court of Appeals pursuant to Second Circuit practice. *See* Transcript of Nov. 29, 2007 Hearing at 5. The Court of Appeals directed Rogers to seek a certificate of appealability from the district court, suggesting that the appellate court had considered the merits of the district court's Rule 60(b) decision and found that it should not have been characterized as a second petition even though it had not yet been briefed by the parties.

## V. Conclusion

■ A certificate of appealability is denied. There was no basis for a Rule 60(b) motion. In his Rule 60(b) motion, Rogers

did nothing more than attempt to collaterally attack his 1995 conviction by raising new grounds. *See Rogers v. Artuz,* No. 00–CV–2718, 2003 WL 21817490, 2003 U.S. Dist. LEXIS 13623 (E.D.N.Y. July 7, 2003). Petitioner has not shown that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." *See Kellogg,* 269 F.3d at 104.

The Clerk of the District Court is directed to forward this Memorandum and Order to petitioner, counsel, and the Clerk of the Court of Appeals for the Second Circuit.

Perhaps the Court of Appeals for the Second Circuit might find it useful to consider whether requiring an application for a certificate of appealability in these circumstances is a sound use of petitioner and district court time.

SO ORDERED.