**George W. DRANCE, Plaintiff–Appellant,**

v.

**CITICORP, Simpson Thacher & Bartlett, Melvyn L. Cantor, Daniel J. Keenaghan, Defendants–Appellees.**

No. 08–1428–cv.

United States Court of Appeals, Second Circuit.

Aug. 27, 2009.

George W. Drance, pro se, Floral Park, N.Y.

Paul C. Gluckow, Simpson Thacher & Bartlett LLP, New York, N.Y., Danielle A. Schweiloch, McDermott Will & Emery LLP, New York, N.Y. (Lawrence J. Slattery, on the brief, Sleepy Hollow, N.Y.), for Appellees.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN, Circuit Judges, DAVID G. TRAGER,* District Judge.

### SUMMARY ORDER

Appellant George W. Drance, *pro se*, appeals the district court's order denying his motion for reconsideration of the district court's March 2007 order granting the defendants' motion to dismiss and denying Drance's cross-motion to amend his 42 U.S.C. §§ 1983 and 1985 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ An appeal from an order denying a Rule 60(b) motion filed more than ten days after entry of the judgment brings up for review only the order denying the motion. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122 n. 5 (2d Cir.2008) (citation omitted). The appeal "does not permit the appellant to attack the underlying judgment for error that could have been complained of on direct appeal." *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53, 56 (2d Cir.1976) (citation omitted). Relief pursuant to Rule 60(b) motions is available only in "exceptional circumstances." *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008). We review rulings on Rule 60(b) motions for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). "A district could would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* In this case, Drance filed his motion for reconsideration on April 2, 2007, more than ten days after the entry of judgment on March 15, 2007. According-

ly, only the denial of the Rule 60(b) motion is properly before this Court for review. *See Phillips v. Corbin*, 132 F.3d 867, 869 (2d Cir.1998).

■ As conceded by the Defendants, because Drance was served with the Report and Recommendation on February 1, 2008, he had until February 21, 2008 (taking into account intermediate weekends, Washington's Birthday, and three days for mail service) to file his objections. *See* Fed.R.Civ.P. 6(a), (d) and 72(b). Accordingly, Drance did not waive his right to appellate review of the magistrate judge's report and recommendation. *See, e.g., Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) (noting that failure to timely object to a magistrate judge's report and recommendation may "operate as a waiver of the right to appellate review of the district court's adoption of the magistrate's recommendation"). Nevertheless, Drance has not made any argument on appeal as to why his motion for reconsideration should have been granted, or why the district court abused its discretion in denying his motion. Instead, Drance merely contests the district court's entry of an order adopting the magistrate judge's January 2008 Report prior to his having filed his objections. In its decision granting the Defendants' motion to dismiss, the district court discussed Drance's prior action, and properly found that it was precluded by the doctrine of collateral estoppel. Drance has not submitted any newly discovered evidence or made any argument that the district court based its ruling on an erroneous view of the law or facts. Accordingly, the district court did not abuse its discretion in denying Drance's motion for reconsideration.

---

* David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

To the extent Drance intends to appeal the March 2007 judgment dismissing his complaint, as discussed above, we lack jurisdiction to review the judgment because his motion for reconsideration was filed more than ten days after the entry of judgment.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**